Taliaferro v. Barnett.

TALIAFERRO v. BARNETT.

1. RES JUDICATA: *Application.*
No one has a vested right to claim the application of an erroneous decision of this court upon a given question as the law upon the same question in another case, arising afterwards and before the decision is overruled. It is only in subsequent proceedings· in the same case that the decision of this court is the fixed law.

2. STARE DECISIS: *Application.*
The doctrine of *stare decisis* applies only where erroneous precedents have so far become a rule of property that it would effect less injury to follow than to overrule them; and is a rule of policy that addresses itself to the discretion of the court upon consideration of the erroneous decision.

APPEAL from *Dorsey* Circuit Court.
Hon. JOHN M. BRADLEY, Circuit Judge.

*W. P. Stephens* for Appellant.

The court below refused or failed to obey the mandate, and permitted Barnett, the appellee, to file a new answer, which, in substance, alleges that this court, in its opinion heretofore rendered, violated the well-known doctrine of *stare decisis*, and that, therefore, the mandate ought not to be obeyed, when, in truth, if the mistakes made in *Sheppard v. Thomas* and *Jones v. Doss, 26 Ark., 617*, and *27 Ib., 518*, both decided by a divided court and virtually overruled in *Campbell v. Rankin, 28 Ib., 401*, had not been corrected, this court, to use the language of the court in *Callender's adm'r v. Insurance Co., 23 Pa. St., 474*, would have committed a greater error than the one which it felt bound to correct. *Wells on Res Adjudicata and Stare Decisis, chap. 14, p. 576*, title "Limitations of the Rule of *Stare Decisis*." Opinion and authorities cited by this court in this cause, *37 Ark,, 511*.

That the authorities which will be cited by appellee's attorney do not apply, see *chap. 14, supra*, and authorities there referred to.

Barnett had no vested right which the court can feel bound to respect. On the contrary, he knew or could have known, by inspection of the deed from Eliza Comer to Pauley & Glover, that some one, under the true rule and well established doctrine of equity, might have a vested right to enforce the lien retained in the deed, notwithstanding the error in *Sheppard v. Thomas* and *Jones v. Doss*, which was rather promptly and quickly rectified in *Campbell v. Rankin, supra*.

That the decision of this court in this cause is the law of the case, is more than authority, is a final adjudication from the consequences of which the court below cannot depart, (nor, indeed, this court,) nor the parties relieve themselves, see *Wells on Res Adjudicata and Stare Decisis, chap. 45, p. 569*, and cases there cited ; *Foutenberry v. Frazier et al., 5 Ark., 200; The Real Estate Bank v. Rawdon et al., Ib., 558; Walker & Faulkner v. Walker, 7 Ib., 542; Porter et al. v. Doe on dem.*

*Hanley et al., 10 Ib., 186,* reaffirming the precedent cases; *Baxter v. Brooks, 29 Ib., 173; Rector v. Danley, 14 Ib., 304.*

It was gross error to permit the answer of Barnett to be filed, and still grosser error to overrule the demurrer thereto. *Yell, Governor, etc., use of Conant & Co., v. Outlaw et al., 14 Ark., 621.*

Parties could not question the decision. *Ashley et al. v. Cunningham, 16 Ark., 168.*

Right or wrong the decision was the law of this case. *Supra; 13 Ark., 103; 11 Id., 151; 14 Id., 304.*

*D. H. Rousseau* for Appellee.

As long as *Sheppard v. Thomas, 26 Ark., 617,* and *Jones v. Doss, Ib., 518,* remained unreversed and not overruled, they furnished the only rule governing contracts, so far as they fell within their principles, and all property rights acquired under them must be governed by them. Rights thus acquired can not be taken away by subsequent legislation, or subsequent adjudication of this court changing the law. The law in force *at the time* of making a contract governs its obligation. *4 Wheaton, 122; 12 Id., 257; 16 Howard, 432.*

If the contract was valid at the time it was made, by the law as *then* expounded, its validity cannot be impaired by subsequent judicial decisions. *1 Wallace, 175; 7 Id., 181; 8 Id., 576; 10 Id., 511.*

Decisions of a court of final resort, reversing or overruling decisions under which property rights have become vested, are not retroactive.

COCKRILL, C. J. In the case of *Sheppard v. Thomas, 26 Ark., 617,* decided in 1871, it was ruled that a vendor's lien for unpaid purchase money, though expressly reserved in the deed

1. RES JUDI-CATA: Application of rule.

of conveyance, was not assignable. That case was, in effect, declared to have been wrongly decided, in 1873, in the case of *Campbell v. Rankin, 28 Ark., 401;* but as the rule announced in *Sheppard v. Thomas* had, in the meantime, been changed by statute as to transactions occurring after its passage, the case was not in terms overruled. When the appellant here, who is the assignee of notes given for the deferred purchase price of lands—a lien for the payment of which was expressly reserved in the vendor's deed of conveyance—sought to foreclose this lien, the circuit court followed the case of *Sheppard v. Thomas,* and dismissed his cross-bill upon demurrer. He prosecuted an appeal to this court, and the decree against him was reversed. As the sale was made before the statute, and was not governed by it, the court, through Justice HARRISON, in delivering the opinion, expressly overruled *Sheppard v. Thomas,* saying that was the practical result of *Campbell v. Rankin.* See *Taliaferro as Executor v. Barnett, 37 Ark., 511.*

When the case was remanded after this decision, Barnett, the appellee, filed an answer to the cross-bill, alleging that the lands were conveyed to him after the purchase notes were assigned and before the case of *Sheppard v. Thomas* was overruled, and argued that he had, therefore, a vested right to hold the lands freed of the lien. The special judge who sat in the case overruled a demurrer to this answer, and decreed against the plaintiff in the cross-bill, and he has appealed the second time.

It is apparent that the answer offered no defense.

A decision of this court is adhered to in all subsequent stages of the same case, although it may be clearly erroneous. It becomes an adjudication between the parties to the suit from which the supreme court itself is not, upon a second appeal, at liberty to depart. But strangers to the suit acquire no such right, nor, indeed, any right to the decision in any case, further than it may be as a guide to their conduct. An ex-

ception is made, by statute, as to some criminal acts. *Mansf. Dig., sec. 6340.* A decision of the court when overruled stands as though it had never been, and the court in the reversing judgment declares what the rule of law was in fact when the erroneous decision was made.

When erroneous precedents have become a rule of prop- <span style="float:right">2. STARE DE-CISIS: Application of rule.</span> erty, the tender regard the courts entertain for interests that have grown up under and are dependent upon them, causes them to stand by the established error. The doctrine of *stare decisis* is then the prevailing rule. The theory is that less harm will result in such a case from preserving the stability of judicial decision than from ascertaining what is theoretically or actually right; for the change, if made, necessarily relates back to the time the law came into force. But this is a rule of policy merely, that addresses itself to the discretion of the court upon consideration of the erroneous decision.

Upon the first appeal, in this case, it was definitely and finally settled that it was, and always had been, the general law of this state that a vendor's lien, expressly reserved in the deed of conveyance, was assignable, and it is the unchangeable law of this case.

Let the decree be reversed, and the cause remanded with instructions to enter a decree for the plaintiff in the cross-bill, unless a valid defense be interposed.