WINFREY *v.* SMITH.

4-7734                                    189 S. W. 2d 615

Opinion delivered October 1, 1945.

*Harry Robinson,* for appellant.

*Claude M. Erwin,* for appellee.

SMITH, J.   Petitions identical in all respects, except as to the names of the persons signed thereto, were filed in the county court of Jackson county, reading as follows:

"To the Honorable D. J. Nance, County Judge, Jackson county, Arkansas,

"We the undersigned citizens and tax payers, of Glass township, Jackson Co., Arkansas, respectfully petition you to call a special election to be held in the regular voting precincts of said township, for the purpose of determining, whether intoxicating liquors shall be manufactured or sold in Glass township, Jackson Co., Arkansas, by initiated Act Number 1—of 1943."

After due notice had been given, a hearing upon the petitions was had, and the prayer thereof was granted, and the election ordered held, from which order of the county court an appeal was duly prosecuted to the circuit court, where the order of the county court calling the election was affirmed, and from that judgment is this appeal.

For the reversal of the judgment of the circuit court, it is insisted (a) that the court erred in holding the petitions sufficient as to form, (b) that the court erred in holding that the circulators of the petitions could verify them in open court. They were not otherwise verified, and (c) that the court erred in allowing the unverified petitions to be offered in evidence. None of these contentions was sustained.

It will be observed that petitioners recited that they were proceeding under the authority of "initiated Act Number 1—of 1943." The court held that this was a mere clerical misprision, and that initiated Act No. 1 of 1942 was intended. We think there was no error in this ruling. There was no initiated act of 1943, as that was not an election year, but an initiated act numbered one was adopted at the general election in 1942. The mistake probably arose out of the fact that the initiated act was published in the acts of 1943, and appears at page 998, et seq., of the "Acts of Arkansas, 1943."

As has been said, there was no verification of the petitions by the circulators thereof, but the court permitted the persons who had circulated the petitions to testify as to the genuineness of the signatures made in their presence, and these witnesses identified and proved the signatures which altogether largely exceeded fifteen

per cent of the qualified electors of Glass township. There is no question as to the sufficiency of the petitions so far as the number of signers is concerned, provided proper proof thereof was made.

No attempt had been made to comply with the provisions of §§ 13285, *et seq.*, Pope's Digest, which are parts of Act No. 2 of the Acts of 1911, entitled, "An Act to provide for carrying into effect the initiative and referendum- powers reserved by the people in Amendment No. 10 to the Constitution of the State of Arkansas . . . etc."

It was held in the case of *Sturdy* v. *Hall*, 201 Ark. 38, 143 S. W. 2d 547, that the provisions of this Act, as to the verification of petitions by the circulators thereof, was mandatory, and that such petitions as were not verified as required by that Act would not be considered. The petitions here under consideration were not so verified and the question arises whether they were required to be.

Our opinion in the case of *Mondier* v. *Medlock*, 207 Ark. 790, 182 S. W. 2d 869, is decisive of that question. There petitions were filed under the authority of Act No. 1, adopted November 3, 1942, for calling an election. In opposition to making an order calling this election, it was insisted that the provisions of §§ 1 and 2 of Art. No. 7, of Act 108, approved March 16, 1935, had not been complied with. These sections of Act 108 provided for holding local elections on the question of authority to sell intoxicating liquors and its provisions had not been complied with by the petitioners in the Mondier case, *supra*. It was held in the Mondier case that Initiated Act No. 7 did not require that they should be. It was there said: "Since §§ 1 and 2 of the Initiated Act are not ambiguous, and no essential constituent of an election is left to intendment, it must be held that the restrictive provisions of Act 108 were purposely eliminated." In other words, Initiated Act No. 1 is in and of itself a complete act prescribing all the conditions which must be complied with to hold a legal election and

the "restrictive provisions of Act 108," as well as those of §§ 13285, *et seq.,* Pope's Digest, were purposely eliminated from Initiated Act No. 1.

In the case of *Johnson* v. *Bramlett,* 193 Ark. 71, 97 S. W. 2d 631, certain electors filed with the county court of White county petitions praying that an election be held on the question whether or not spiritous, vinous or malt liquors should be sold in and throughout that county. Other electors of the county who opposed the calling of the election insisted that the provisions of Act 108 of the Acts of 1935, under which the petitioners were proceeding, were in conflict with the provisions of the Initiative and Referendum Amendment and its enabling act. In overruling that contention it was there said: "There is no conflict between this law and the Constitution. This is not an election provided for by the Constitution, and the provisions of the Constitution cited have no application."

It was not necessary, therefore, to comply with the provisions and requirements of §§ 13285, *et seq.,* Pope's Digest. It was permissible and entirely proper to inquire whether the persons whose names appeared on the petitions had actually signed their names to the petitions. This proof could have been made by the persons whose names appeared on the petitions, but it was competent also for the circulators of the petitions to testify that certain persons had signed the petitions which they circulated, in their presence, and this proof was made.

The judgment is correct and must, therefore, be affirmed.