DENNEY v. HANKINS, COUNTY JUDGE.

4-8374                                    206 S. W. 2d 968

Opinion delivered December 22, 1947.

Rehearing denied January 19, 1948.

*J. W. Nance* and *Lee Seamster,* for appellant.

*Jeff Duty, Charles Ivie* and *G. T. Sullivan,* for appellee.

HOLT, J. This action involves an election contest and was brought under the provisions of our election laws relating thereto, § 4833 *et seq.,* Pope's Digest, Act January 23, 1875, p. 32.

In an election for the office of sheriff of Madison county held November 5, 1946, appellant, Berry Denney, was declared elected, later qualified and assumed the office. His opponent, John R. Dotson, Jr., on May 5, 1947, within six months from the date of said election, filed in the Madison county court a complaint for contest in which he alleged that he had received the majority of the legal votes cast and should be declared elected.

Proper notice was given contestee on May 5, 1947. Thereafter, the contestee filed motion in the county court to quash the notice and also filed a demurrer to the complaint, both of which were overruled and the case was set for trial. Thereupon, the contestee, Denney, filed petition for Writ of Prohibition which was heard and denied by the Madison circuit court, Judge J. Sam Wood, presiding on exchange. This appeal followed.

Appellant says: ''The sole question to be determined in this case is whether or not the contestant proceeded with the contest in the county court at a time and in a manner to give the county court jurisdiction to hear and determine the contest.''

Section 4833, *supra,* provides:: ''Venue. If the election of any Supreme Judge or Commissioner of State Lands be contested, it shall be before the circuit court of Pulaski county. If the election of any circuit judge, prosecuting attorney, chancellor, clerk of the Pulaski chancery court, a judge of the county and probate court, be contested, it shall be before the circuit court of the county where the defendant or contestee resides, or the county where the contestant resides and the contestee may be found. Act January 23, 1875, § 67, p. 91:

"Section 4834. Limitation. All actions to contest the election of Supreme Judges shall be commenced within one year after the election or commissioning of said judges, and actions for contesting the elections of all other officers herein mentioned within six months after they are elected or commissioned.

"Section 4837. Jurisdiction. When the election of any clerk of the circuit court, *sheriff,* coroner, county surveyor, county treasurer, county assessor, justice of the peace, constable, or any other county or township officer, the contest of which is not otherwise provided for, shall be contested, it shall be before the county court, and the person contesting any such election shall give the opposite party notice in writing ten days before the term of the court at which such election shall be contested, specifying the grounds on which he intends to rely, and, if any objections be made to the qualification of voters, the names of such voters, with the objections shall be stated in the notice, and the parties shall be allowed process for witnesses.

"Section 4838. Evidence—how taken. Either party may, on giving notice thereof to the other, take depositions to be read in evidence on the trial, and the court shall, at the first term (if fifteen days shall have elapsed after such election, and if less than fifteen, then at the second term) in a summary way, determine the same according to evidence."

The venue for contest, and the court in which such contest must be filed, is thus definitely fixed and a contest over the office for sheriff "shall be before the county court."

As we interpret the sections of the statute, *supra,* all relate to matters of procedure except § 4834, which is a statute of limitation and definitely fixed the time within which a contest may be prosecuted for any office above mentioned to a period of six months with the single exception that in "all actions to contest the election of Supreme Judges shall be commenced within one year after the election or commissioning of said judges."

Since the office of sheriff is among those above mentioned, the limitation for a contest is a period of six months from the date of the election, which date in the present case was November 5, 1946.

The rule announced in *Alexander* v. *Stuckey*, 159 Ark. 692, 253 S. W. 9, applies with equal force here. That case involved a stock law election contest and it was there held: (Headnote 3) "Animals—Contest of Stock Law Election—Limitation.—Under Spec. Acts 1921, No. 4, § 2, providing that a stock law election under that act shall be held under the general election laws so far as applicable, an action to contest a stock law election is barred by the six months' limitation of the general election laws contained in Crawford & Moses' Dig., § 3847 (now § 4834, Pope's Digest)," and in the body of the opinion, the court, speaking through Mr. Justice Wood, said: "It is provided in § 2 of the Act that: 'said election shall be held under the general election laws of the State, so far as they are applicable.' In the general provisions of our election laws relating to contests, chapter 54, Crawford & Moses' Digest, is § 3847, as follows: 'All actions to contest the election of Supreme Judges shall be commenced within one year after the election or commissioning of said judges, and actions for contesting the elections of all other officers herein mentioned within six months after they are elected or commissioned.' The provisions of the act under review bringing the election under the control of the general election laws of the State, so far as they are applicable, subjects the election, which the appellants challenge in their complaint, to the above limitation under the general election laws. . . . As we have seen by the section above quoted, the general election laws provide for a limitation upon the time when election contests shall be commenced, and that limitation is six months for all other officers except the Judges of the Supreme Court."

The recent Act 406 of the acts of 1947 has no application here. That act took effect March 28, 1947. It makes no provision for time in which to file an action for the protection of rights which have already accrued, as in the present case. It is a statute of limitation and

prospective in scope. Section 1 provides that "all actions to contest the election of a person to any county, city or township office shall be commenced within twenty (20) days after the General Election at which any such person was elected. Section 2 repeals all laws in conflict, and Section 3 is an emergency clause.

To give effect to that act in the present case would cut off Dotson's right to contest for the reason that when the act became effective, the twenty days limitation provided within which to file a contest, had already run, and Dotson would be denied all rights to contest.

In the recent case of *Schuman* v. *Walthour,* 204 Ark. 634, 163 S. W. 2d 517, we said: "An existing right of action cannot be taken away by legislation shortening the period of limitation to a time which had already run; it is not within the power of the legislature to cut off an existing remedy entirely, since this would amount to a denial of justice. Consequently, it is firmly established that when a new limitation is made to apply to existing rights or causes of action, a reasonable time must be allowed before it takes effect in which such rights may be asserted or in which suit may be brought on such causes of action, and that a limitation statute is void if the period allowed is unreasonably short."

Finding no error, the judgment is affirmed.