HUBBARD *v.* WATSON.

4-9477                                    238 S. W. 2d 656

Opinion delivered April 16, 1951.

*E. M. Fowler, Rex W. Perkins* and *Chas. W. Atkinson,* for appellant.

*James R. Hale,* for appellee.

HOLT, J.   Taylor Hubbard and Albert King were rival candidates for the office of County Treasurer of Madison County, Arkansas, in the November 7, 1950, General Election.

November 13, 1950, Hubbard filed in the Madison Circuit Court complaint,—twice amended,—against appellees, three election commissioners, praying for a writ of mandamus to compel them to certify him elected to said office as shown by the returns of the judges and clerks of said election held November 7, 1950.   King was not made a party to the suit.

Demurrer was filed by two of the commissioners and was sustained and the complaint dismissed ''for grounds that the Court does not have jurisdiction to grant the relief prayed for by writ of mandamus, as requested by the plaintiff against the election commissioners for the reason that no fraud, misconduct or abuse of authority has been alleged against the election commissioners, and that said matter should be raised in an election contest.''

This appeal followed.

The trial court was correct in sustaining appellees' demurrer.

The complaint, in effect, alleged:  ''The entire votes of Madison County resulted in plaintiff being elected to said office of Treasurer, and that the said defendants, the election commissioners, have canvassed the vote as returned by the various election precincts in said county including the absentee ballot box in accord with the tally

sheets except the absentee vote which was contained, of course, in a separate box; that said absentee ballot box and the valid votes therein cast would be the determining factor in the election or defeat of the plaintiff; that as a whole, including said ballot box and the remainder of the vote of all Madison County shows plaintiff elected to said office by a majority of eight votes.''

That said Commissioners have refused to certify the vote as counted and unless restrained, will certify the election results without the vote contained in the absentee ballot box, and will also recount a number of invalid votes cast in the election instead of certifying the votes as returned by the ''judges of election, and will go behind the return as made from the various precincts and absentee ballot box as certified by the judges and heretofore accepted by said election commissioners as the vote cast in various precincts of said county and the absentee ballot box; that unless the said election commissioners certify said vote as required by law of all the votes cast within and for Madison County, plaintiff will be declared defeated in said election whilst as a matter of fact the valid ballots cast as before stated show him to be elected.''

The complaint further ''challenges the integrity of the ballot box used in Ward 2 of the City of Huntsville, Arkansas. . . . That in said ward there were cast in said election 216 ballots, the same being counted after the close of the polls of said election officials, tallied and certified as the law provides; that in said ballot box plaintiff obtained, and the same were counted for him, 74 votes, and his opponent for the above named office, Albert King, received 132 votes which were counted, tallied and certified by said election officials; that said election officials performed their duties in said manner as the law requires; that they carefully inserted said ballots in the box and delivered same in good condition, and as were counted, to the election commissioners of said county, having taken the names and addresses of the electors in said ward, and inscribed same on the talley sheets and stubs of the ballots as provided by law, and delivered same to the election commissioners, except the stubs of

the ballots which were delivered to the Treasurer of Madison County for safe-keeping; . . . that according to said count, tally and ballot stubs, ten of said electors failed to vote for the said treasurer's office; that after said tally sheets and ballots were delivered, according to law, to the election commissioners of Madison County, Arkansas, Lester Keck, Clarence Watson and Leo Hudson, said ballot box was ravaged by some person or persons unknown to plaintiff, and nine ballots, all cast, counted and tallied for plaintiff, were stolen from said ballot box; that the names of the voters in said ward were shown at the time and are shown in the tally sheets of said ward as written by said election officials and certified by them, and the said stubs of the ballots and the names on the tally sheets, if submitted to the court, will disclose this to be true.''

It was further alleged that ''there was a voting precinct in said county named Hilburn Township No. 7,'' and that in this township ''there were cast for plaintiff ninety-seven (97) votes and for his opponent, Albert King, sixty (60) votes.'' That said ballots were carefully counted and returned to the election commissioners. ''That after said votes were counted, tallied, numbered and inserted in the ballot box by the election officers of said township a number of said officers carefully conveyed all of said election equipment, including the ballots, stubs, tally sheets and all matters pertaining to said election in said precinct and delivered the same intact to the election commissioners of Madison County. That thereafter a recount was asked by said Albert King, which was granted by the election commissioners, and upon recount of said votes it was discovered that thirteen (13) ballots cast in said precinct had been stolen from plaintiff and taken out of the ballot box. . . . That plaintiff is prepared and prays the court to permit him to prove said theft and the original vote as cast in said precinct by all of the judges, clerks and others who know the same to be true.''

We think it clear from the reading of the above allegations in appellant's complaint that it, in effect, though imperfectly in some respects, stated a cause of

action for an election contest, and therefore, under our General Election statutes, the County Court alone has jurisdiction to hear and try such action.

Section 3-1205, Ark. Stats. 1947, provides: ''When the election of any clerk of the circuit court, sheriff, coroner, county surveyor, *county treasurer,* county assessor, justice of the peace, constable, or any other county or township office, the contest of which is not otherwise provided for, shall be contested, it shall be before the county court, and the person contesting any such election shall give to the opposite party notice in writing ten (10) days before the term of the court at which such election shall be contested, specifying the grounds on which he intends to rely, and, if any objections be made to the qualifications of voters, the names of such voters, with the objection(s), shall be stated in the notice, and the parties shall be allowed process for witnesses. (Act Jan. 23, 1875, No. 34, § 71, p. 92; C. & M. Dig., § 3850; Pope's Dig., § 4837.)''

We find no other statutory provision providing for a contest for the election of the office of *county treasurer* other than this section.

In the comparatively recent case of *Denney v. Hankins, County Judge,* 212 Ark. 618, 206 S. W. 2d 968, we held, in construing the effect of §§ 3-1201 and 3-1205, Ark. Stats. 1947, that ''in an action by D to contest the election of appellant to the office of sheriff, held that the venue for the contest and the *court in which* the contest must be filed are definitely fixed by the statutes.''

We hold that jurisdictional requirements are the same in contests for the office of County Treasurer as a contest for that of Sheriff, and must be originally brought in the County Court where jurisdiction has been definitely fixed under § 3-1205.

Accordingly, the judgment is affirmed.