TAYLOR *v.* SPENCE.

5-562                                    272 S. W. 2d 437

Opinion delivered November 15, 1954.

*Frank Cox* and *Ike Murry,* for appellant.

*Digby & Tanner,* for appellee.

ED. F. McFADDIN, Justice.   This appeal results from
a petition for a local option election in Gray Township
in Pulaski County.   The petition sought an election pur-
suant to the provisions of Initiated Act No. 1 of 1942.[1]
The County Court, and the Circuit Court on appeal, held
the petition to be valid; and the remonstrants are the ap-
pellants in this Court.

Only one question is presented here: whether the
petition is fatally defective since many of the signers
failed to state their voting precinct in Gray Township.
Appellants did not claim that the Township was so large
as to create any doubt as to the identity of each signer;
nor did appellants—by motion to make more definite and
certain or otherwise—seek to ascertain the voting pre-
cinct of each signer.   Appellants rely on the sole conten-
tion that each signer *must* give his voting precinct as a
jurisdictional matter.

The portions of said Initiated Act No. 1 in regard
to the petition, and germane to the present controversy,
are in §§ 1 and 6 of said Act.   Section 1 reads in part:

"When fifteen percent (15%) of the qualified elec-
tors, as shown on the poll-tax records of the County,
shall petition the County Court of any County . . .
praying that an election be held in a designated . . .

---

[1] This Act may be found on p. 998, *et seq.* of the printed Acts of
1943, and also may be found in § 48-801, *et seq.,* Ark. Stats.

township . . . to determine whether or not license shall be granted for the . . . sale . . . or giving away of intoxicating liquor within the designated territory, the County Court, within ten (10) days thereafter, . . . shall give a public hearing to determine the sufficiency of the petition; and if it be found that fifteen percent (15%) of the persons who have paid their poll-taxes for the year, making them qualified voters at the time the petition is filed, . . . have signed said petition, said County Court shall order a special election to be held. . . ."

Section 6 of the said Initiated Act No. 1 reads in part:

"It is hereby expressly declared that . . . this Act shall at all times be construed so as to permit, upon petition of fifteen percent (15%) of the qualified electors in any area to be affected, the qualified voters therein at one election to determine whether or not all alcoholic beverages . . . shall be . . . sold . . . or given away therein."

There is no requirement in the said Act No. 1 that any signer must give his voting precinct; and to so require would mean that we were reading into the Act the provisions of some other Statute. In several cases we have held the Initiated Act No. 1 to be complete in itself. We refer now to three of such cases.

1. In *Mondier* v. *Medlock*, 207 Ark. 790, 182 S. W. 2d 869, the contention was made that certain provisions of Act No. 108 of 1935 had to be observed in a proceeding under Initiated Act No. 1 of 1942, and in holding against such contention, we said:

"Since sections 1 and 2 of the Initiated Act are not ambiguous, and no essential constituent of an election is left to intendment, it must be held that the restrictive provisions of Act 108 were purposely eliminated."

2. In *Winfrey* v. *Smith*, 209 Ark. 63, 189 S. W. 2d 615, the contention was made that certain requirements of the law in regard to initiative and referendum peti-

tions [2] had to be observed in a proceeding under Initiated Act No. 1 of 1942; and in holding against that contention, we said:

"In other words, Initiated Act No. 1 is in and of itself a complete act prescribing all the conditions which must be complied with to hold a legal election and the 'restrictive provisions of Act 108,' as well as those of §§ 13285 *et seq.,* Pope's Digest, were purposely eliminated from Initiated Act No. 1."

3. In *Gocio* v. *Harkey,* 211 Ark. 410, 200 S. W. 2d 977, we quoted from the earlier cases and said:

"We have held that Initiated Act No. 1 of 1942 is complete in itself and that it is not necessary that a petition thereunder comply with the I. & R. Amendment to the Constitution and the enabling acts carrying it into effect."

Since there is no provision in Initiated Act No. 1 of 1942 requiring the signer to give his voting precinct, the appellants' contention is without merit.

Affirmed.

---

[2] In the opinion we referred to these as §§ 13285, *et seq.,* Pope's Digest. The same sections are now contained in § 2-203, *et seq.,* Ark. Stats.