CRAIG *v.* BARRON.

5-753                                                  283 S. W. 2d 127

Opinion delivered October 24, 1955.

*Dean R. Morley, Ike Murry* and *Frank H. Cox,* for appellant.

*Ed E. Ashbaugh* and *Alonzo Camp,* for appellee.

GEORGE ROSE SMITH, J. This is a contest of a local option election that was held in Fourche Township, Pulaski County, on June 1, 1954. As originally certified the vote was in favor of the manufacture and sale of intoxicants. A petition to contest the election was then filed by the appellees. The county court dismissed the proceeding, but on appeal the circuit court reinstated the petition and tried the cause. The court found that a total of fifty-four votes had been illegally cast in favor of the continued sale of intoxicants; the elimination of these votes changed the election result from wet to dry.

The appellants urge two principal points for reversal, both of which are well taken. First, it is contended that the contestants' petition was not filed in the county court within the time allowed by law. The result of the election was declared by the county court on June 4. The statute requires that a contest be filed within ten days and invests the county court with original jurisdiction of the proceeding. Ark. Stats. 1947, §§ 48-820 and 3-1205; *Hubbard* v. *Watson*, 218 Ark. 737, 238 S. W. 2d 656. Thus the appellees' petition should have been filed in the county court by June 14, 1954.

The petition was in fact filed with the county clerk on June 9, but it was addressed to the County Board of Election Commissioners. That body is charged, among other things, with the safekeeping of original ballot boxes. Ark. Stats., §§ 3-1008, 3-1013. This petition asks that the board impound the absentee ballot box, that the petitioners be permitted to examine the ballots, and that proof be taken to determine which ballots were irregular. In publishing the statutory notice of the filing of the petition (Ark. Stats., § 48-820), the contestants stated that "a petition has been filed with the County Board of Election Commissioners."

It was not until July 2 that the contestants filed a supplemental petition asking the county court to take jurisdiction of the case. That court correctly dismissed the proceeding as being out of time. The only petition filed within the statutory time limit was addressed to

the County Board of Election Commissioners and sought relief from that body alone. Had the law directed that the petition be filed with the board in question it is plain enough that this pleading would have been lodged in the proper forum. But the tribunal having jurisdiction is the county court, and it cannot very well be said that this petition was pending before the board and the court at the same time.

In defending their position the appellees put much stress on the fact that the petition was filed in the office of the county clerk. It does not follow, however, that the petition was therefore pending in the county court. The county clerk, in addition to being the clerk of the county court, is the clerk of the probate court, the juvenile court, and the quorum court; he is also the designated custodian of many public records. It is quite apparent that the mere deposit of a paper with the county clerk does not convert it into a pleading addressed to the county court. We must conclude that the appellees' petition was originally filed with the County Board of Election Commissioners, which was the wrong forum. The case of *Casey* v. *Burdine,* 214 Ark. 680, 217 S. W. 2d 613, is controlling as to the lack of statutory authority for a belated transfer of the cause in such a situation.

Second, it is insisted that the appellants' demurrer to the contestants' petition should have been sustained when the case reached the circuit court. We agree with this alternative contention, but it need not be discussed at length. The contestants' statutory notice pretty well described the petition by stating that it asked that the ballots "be re-examined for irregularities and that if said irregularities be found, said irregular ballots be stricken from the rolls." The petition does not charge that any specified vote was illegally cast; instead, it asks that the contestants be permitted to examine the ballots "in order that proof may be taken to determine which ballots are irregular." It is true that the petition contains conclusions of law to the effect that illegal votes were cast by the wets, but the petition contains no information that would identify any allegedly illegal voter.

436

We are not convinced that the legislature, in requiring the contestants to file within ten days "a written statement of the grounds of contest" (Ark. Stats., § 48-820), meant to sanction a petition that might conceivably consist of a mere recitation, in general language, of every election irregularity to be found in the books. Yet the statute would have to be so interpreted if this petition is to be held sufficient.

Reversed and dismissed.