Countz *v.* Roe.

5-1923 328 S. W. 2d 353

Countz *v.* Boggs.

5-1956

Opinion delivered November 2, 1959.

*Phillip H. Loh* and *Frank H. Cox,* for appellant.
*Parker & Mobley,* for appellee.

GEORGE ROSE SMITH, J. These two cases are companion election contests involving two local option elec-

tions held in Yell county on November 4, 1958. In the principal case, No. 5-1923, the wets challenge the result in the county-wide election, in which the vote was certified as having been against the manufacture and sale of intoxicants. In the second case, No. 5-1956, the wets present a similar challenge to the result in a township election held in Ward township. The circuit court, hearing the cases upon the pleadings and certain stipulations, dismissed both complaints upon the ground that the contestants had failed to state a cause of action.

In the county-wide contest the appellants assign four asserted errors in the trial court's conclusions of law. It is first insisted that the holding of a separate election in Ward township rendered the contemporaneous county-wide election void, because the Thorn Liquor Law provided that no election in any district or precinct of a county should be held on the same day as an election for the entire county. Ark. Stats. 1947, § 48-816. Assuming, without deciding, that this section of the Thorn act was not repealed by Initiated Act No. 1 of 1942, Ark. Stats., §§ 48-801 *et seq.*, as might be contended on the basis of our holdings in *Mondier* v. *Medlock,* 207 Ark. 790, 182 S. W. 2d 869, and *Winfrey* v. *Smith,* 209 Ark. 63, 189 S. W. 2d 615, we think the appellants' position to be clearly without merit. What the Thorn act prohibits is the precinct election, not the county-wide election. It follows that a violation of the statute might avoid the precinct election, but it could have no effect upon the validity of the county-wide election.

A second contention is that the county court was in error in ordering that the election be held on November 4, the date of the general election. It is insisted that the 1942 initiated measure requires that the election be held not less than twenty nor more than thirty days after the county court determines the petitions to be sufficient, Ark. Stats., § 48-801; and in this case that determination was made on August 29, 1958. The answer to this contention is that this particular provision of the 1942 initiated measure has been superseded

by Act 15 of 1955, Ark. Stats., § 48-824, which directs that local option elections be held only on general election days. The county court was therefore correct in fixing the date of this election, since the court's discretionary authority in the matter has been withdrawn.

The appellants' third grievance is that the county election commissioners' failed to recount the votes, even though the contestants requested a recount in accordance with Ark. Stats., § 48-802. On this point we agree with the circuit court's view, that the contestants' remedy was by an action for mandamus against the county election commissioners and that the absence of a recount is not a ground for contesting the election in the present proceeding.

The appellants' final point in the principal case is that the court erred in holding that the complaint did not state a cause of action. The complaint alleges that several named advocates of prohibition unlawfully electioneered at certain polling places on election day, that only two judges and no clerks were on duty in one precinct during the morning hours, that the first twenty-five ballots in one box were not numbered, and that the judges and clerks did not properly deliver the ballot boxes or properly certify the results of the election. The complaint does not charge that any specified voter was wrongfully influenced, nor does it attempt to explain just how the asserted irregularities redounded to the benefit of the drys. General statements of this kind do not state a cause of action. *Craig* v. *Barron,* 225 Ark. 433, 283 S. W. 2d 127.

In the companion case, No. 5-1956, the appellants complain of the fact that the county court did not declare the result of the election until the twenty-first day after it was held, though the statute requires the court to act within twenty days. Ark. Stats., § 48-802. The winning side, in this case the drys, might be aggrieved by the county court's failure to promptly declare the result of the election; but we fail to see how these appellants have been prejudiced, and in any event we are firmly of the view that the county court could not de-

feat the will of the voters by neglecting to declare the result.

The appellants also ask us to determine whether their petition to contest the election was filed prematurely, but such a holding would not result in a reversal of the judgment, and we therefore decline to pass upon the question, the issue being merely academic. *Hogan* v. *Bright,* 214 Ark. 691, 218 S. W. 2d 80.

Affirmed.