Maria H. WILES *v.* John H. WILES

86-75                                    711 S.W.2d 789

Supreme Court of Arkansas
Opinion delivered June 30, 1986

*Redden & Hirby*, by: *Michael Redden*, for appellant.

*Baim, Gunti, Mouser, Bryant & DeSimone*, by: *Judith A. DeSimone*, for appellee.

JACK HOLT, JR., Chief Justice. The sole issue to be decided in this appeal is whether to apply our decisions in *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984) and *Young* v. *Young*, 288 Ark. 33, 701 S.W.2d 369 (1986) retroactively to a divorce decree which became final prior to the decisions in those two cases. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(c) to interpret Act 705 of 1979.

The parties, John and Maria Wiles, divorced on November 16, 1982, after approximately 20 years of marriage. Mr. Wiles was in the military during the marriage. The decree provided:

[T]he Court hereby specifically authorizes the Defendant to have all of the benefits for herself and her children under the new Former Spouses Protection Act of the United States Congress except that she is not entitled to any

portion of any provision regarding present, past or future retirement benefits of the Plaintiff.

Arkansas law at the time provided that military retirement pensions were not "marital property" under Ark. Stat. Ann. § 34-1214 (Repl. 1962). *Paulsen* v. *Paulsen*, 269 Ark. 523, 601 S.W.2d 873 (1980). Mrs. Wiles did not appeal from the decree.

On January 30, 1984, this court handed down *Day* v. *Day, supra*, in which we held that an employer-sponsored retirement plan was marital property subject to allocation. In so holding, we stated:

> After the adoption of Act 705 of 1979 we failed to give full effect to the new law and instead adhered to the position we had taken under a quite different statute. In *Paulsen* v. *Paulsen*, 269 Ark. 523, 601 S.W.2d 873 (1980), we decided that a military pension, currently being paid but not transferable, was not marital property. . . .

> We now realize that we have inadvertently failed to recognize the new concept of "marital property," created by Act 705 of 1979, as amended. That statute defines marital property as *all* property acquired by either spouse subsequent to the marriage, with exceptions not important here. Section 34-1214 (Supp. 1983). That law directs that *all* marital property be distributed equally unless the court finds that division inequitable.

In *Young* v. *Young, supra*, we held that military retirement benefits also constitute marital property and that our prior holding in *Paulsen* was effectively overruled by *Day* and its progeny.

On September 9, 1982, the Uniformed Services Former Spouses' Protection Act, 10 USCA § 1408, was enacted into law and became effective February 1, 1983. The Act permitted states, whose laws so provide, to divide military retired pay as marital property. *See Durham* v. *Durham*, 289 Ark. 3, 708 S.W.2d 618 (1986).

On April 30, 1985, the appellant, Mrs. Wiles, filed a complaint in chancery court seeking modification of the divorce decree. The portion of that complaint at issue here asked the

chancery court to apply the *Day* decision retroactively and allow her a portion of Mr. Wiles' military retirement pension. The chancellor determined that *Day* should not be applied retroactively and dismissed that portion of the complaint. In so holding, the chancellor acknowledged that if Mr. and Mrs. Wiles had been divorced at any time following *Day*, Mrs. Wiles would have been entitled to make a claim for a portion of the pension. In refusing to allow her to do so now, the chancellor noted that the prior rule of law was relied upon when the decree was entered and that probably hundreds of divorces were granted between the dates of the passage of the Uniformed Services Former Spouses' Protection Act and the *Day* decision, and a retroactive application may very well burden the administration of justice.

We find the principle of reliance to be persuasive and affirm the chancellor's holding on that basis.

Although we have long held that a decision of this court, when overruled, stands as though it had never been, *Taliaferro* v. *Barnett*, 47 Ark. 359 (1886), we have also acknowledged the need, when overruling prior case law, to recognize the validity of actions taken in faith upon old decisions while stating the rules to be followed in the future. *See Crisco* v. *Murdock Acceptance Corp.*, 222 Ark. 127, 258 S.W.2d 551 (1953). This court has also observed that no matter how a new rule of law is applied, the benefit of the new decision is denied to some injured persons when there is any change in the law. *Parish* v. *Pitts*, 244 Ark. 1239, 429 S.W.2d 45 (1968).

Here, our previous holdings, even though ultimately determined to be erroneous, were justifiably relied upon by the parties and by the trial court when the original decree was entered. Since that time, the parties have restructured their lives, no doubt based in part on the terms of the decree. For this court to reopen the proceedings and cause a new division of property to be made, nearly four years later, would work a great hardship on the parties and would defeat the purposes underlying the doctrine of res judicata. *See* Annotation, 10 ALR 3d 1371, 1403 § 8 [d] (1966).

Accordingly, the chancellor's decree is affirmed.