The Honorable John Dawson State Representative P.O. Box 336 Camden, AR 71701-0336
Dear Representative Dawson:
This is in response to your request for an opinion regarding a petition for an election on the question of abolishing a county sales and use tax in Columbia County, Arkansas. You have provided a copy of the petition and a sample signature page, as well as correspondence from the county attorney to the county clerk advising that the petition is fatally defective and should not be certified to the election commission. See
Letter from Francis D. Crumpler, Jr., County Attorney to Debbie Longino Atkinson, Columbia County and Probate Clerk (September 18, 1996). It is my understanding that the petition was not certified, and that no action was commenced to place the issue on the ballot in the November election. Although the issue is now moot as to this particular petition effort, it is my understanding that you nevertheless still desire an opinion, in anticipation of these questions arising again in the future.
It is my opinion that the county attorney was in all likelihood correct in determining that the petition was defective. It should be noted, however, that this matter is not entirely clear from a reading of the statutes. Nor has my research yielded any case law directly on point. Hence, I cannot predict with certainty a court's resolution of the issue. As noted below, therefore, uncertainty will likely attend this question in the absence of corrective legislation.
The county attorney determined that the petition in this instance was defective based upon the untimeliness of the filing and the failure to include the language of the petition on additional signature sheets. See
Letter, supra, at 1. This conclusion was premised upon the applicability of A.C.A. § 14-14-915 (1987), which also incorporates by reference A.C.A. § 7-9-101 et seq. (Repl. 1993) with respect to circulation of petitions for signatures. See A.C.A. § 14-14-915(a)(1). Section14-14-915(b)(1) provides that:
 [a]ll petitions for initiated county measures shall be filed with the county clerk not less than sixty (60) calendar days nor more than ninety (90) calendar days prior to the date established for the next regular election.
 The petition in this instance was filed on September 18, 1996, which was less than ninety days before the general election. Sections 7-9-104(c) (initiative petitions) and 7-9-105(c) (referendum petition) state that:
 [n]o additional sheets of voter signatures shall be attached to any such petition unless such sheets contain the full language of the petition.
 The petition as filed in this instance reportedly consisted of loose signature sheets which did not contain the language of the petition. See Letter, supra at 1.
Section 14-14-915 is part of the general laws enacted pursuant to Amendment 7 providing for the exercise of the initiative and referendum as to counties. See Ark. Const. Amend. 7 ("Local Petitions"). There is no specific reference to Amendment 7 or § 14-14-915 in A.C.A. § 26-74-201 etseq. (the sales and use tax subchapter under which this particular tax was presumably levied, and pursuant to which this petition was filed for abolition of the tax in accordance with A.C.A. § 26-74-210(b)). The question thus arises whether the legislature intended for these provisions to apply in this instance, or whether references to Amendment 7 and county initiative and referendum requirements were purposely eliminated.
I believe this phrasing of the question is appropriate in light of the legislature's specific reference to Amendment 7 in A.C.A. § 26-74-310
(1987), part of the subchapter authorizing the levy of a county sales tax (hereinafter "subchapter 3") which was enacted as Act 991 of 1981. (A.C.A. §§ 26-74-301 to -314.) Section 26-74-310 states in relevant part that "[a]s to such a petition of the qualified voters [to abolish the sales tax], the provisions of Arkansas Constitution, Amendment 7 shallgovern." (Emphasis added.) This language does not appear in A.C.A. §26-74-210, which is part of the subchapter (hereinafter "subchapter 2") that was enacted later in the same year as Act 26 of the Extraordinary Session of 1981 (A.C.A. §§ 26-74-201 to -221).[1] I believe the answer to your question will turn on the effect of this omission. These two subchapters contain many identical provisions regarding the levy of a county sales tax, and indeed a previous administration of this office opined at one time that the two 1981 acts authorize only a single sales and use tax. See Op. Att'y Gen. 88-227. Although subsequent legislation prompted a finding that subchapters 2 and 3 authorize separate taxes,[2]
there is evidence that subchapter 2 (of which § 26-74-210 is a part) was originally intended not to authorize a separate additional sales and use tax, but to amend subchapter 3 to ensure that a use tax was imposed wherever the local sales tax was imposed. See Op. Att'y Gen. 93-078, n. 2 (citing the Governor's Proclamation or "call" for the Extraordinary Session of 1981). When the two subchapters are read together with an eye toward accomplishing that purpose, I believe a persuasive argument can be made that the absence of a reference to Amendment 7 in § 26-74-210 was not purposeful. A court might also be persuaded by the procedural difficulties that would otherwise result, given the absence of any filing deadline or notice requirement under § 26-74-210. Compare Winfrey v.Smith, 209 Ark. 63, 65, 189 S.W.2d 615 (1945) (holding that certain restrictive provisions of another local option act were purposely eliminated because the initiated act under which petitioners were proceeding was "a complete act prescribing all the conditions which must be complied with to hold a legal election. . . .")
If it can be established that Amendment 7 governs a petition filed under § 26-74-210, notwithstanding the absence of a specific reference thereto in that Code section, it is my opinion that § 14-14-915 will also be deemed applicable as part of the general county initiative and referendum laws enacted pursuant to Amendment 7. See Ark. Const. amend. 7 ("Local Petitions"). The defectiveness of the filing in this instance would necessarily follow, both as to timeliness (Ark. Const. amend. 7 ("Local Petitions" and A.C.A. § 14-14-915(b)) and format (A.C.A. § 7-9-104(c)).
While it is therefore my opinion, in conclusion, that a strong argument exists in favor of the county attorney's determination that the petition in this instance was defective as filed, it is also my opinion that this matter can only be conclusively resolved through legislative clarification of A.C.A. § 26-74-210.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Subsequent amendments to these subchapters are not relevant to this opinion.
[2] See Op. Att'y Gen. 93-078, interpreting Act 36 of the First Extraordinary Session of 1992, codified in part as A.C.A. § 14-164-338(d) (Supp. 1995).