STATE of Arkansas *v.* Brian HERNDON

CR 05-612                                   226 S.W.3d 771

Supreme Court of Arkansas
Opinion delivered February 2, 2006

[Rehearing denied March 9, 2006.*]

---

* Brown, J., would grant rehearing.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

No response.

ANNABELLE CLINTON IMBER, Justice. The State brings a direct appeal from the circuit court's order dismissing the State's case against Appellee, Brian Herndon, and denying the State's motion for injunction. The Arkansas Game and Fish Commission (AGFC) had charged Herndon in the district court with a violation of AGFC Regulation 15.05, seeking a $1000 fine, court costs, and an injunction. Following his conviction in district court, Herndon appealed to the circuit court, where special deputy prosecutors from AGFC continued with the prosecution. The circuit court dismissed the charge, concluding that AGFC Regulation 15.05 was preempted by federal law found in the Migratory Bird Treaty Act, 16 U.S.C. § 703, *et seq.*, and accompanying federal regulations. The State filed a timely notice of appeal, and AGFC also pursued a writ of certiorari in this court. *See Arkansas Game & Fish Comm'n v. Herndon*, 365 Ark. 180, 226 S.W.3d 776 (2006). We dismiss the State's appeal.

As a threshold matter, we must determine whether we have subject-matter jurisdiction of this case. It is well settled that appeals by the State are authorized only in the narrowest of instances set forth in Rule 3 of the Arkansas Rule of Appellate Procedure – Criminal. Specifically, Rule 3(b) states:

> (b) Where an appeal, other than an interlocutory appeal, is desired on behalf of the state following either a misdemeanor or felony prosecution, the prosecuting attorney shall file a notice of appeal within thirty (30) days after entry of a final order by the trial judge.

Ark. R. App. P. – Crim. 3(b) (2005). Under this rule, an appeal by the State is limited to instances following a misdemeanor or felony prosecution. In *State v. Bickerstaff*, 320 Ark. 641, 899 S.W.2d 68 (1995), we concluded that we lacked subject-matter jurisdiction to consider the State's appeal from the circuit court's dismissal of a case involving a violation of an AGFC regulation. In that case, Bickerstaff was cited by the AGFC for fishing without a license, an offense prohibited under AGFC Regulation 3.02. She entered a plea of not

guilty in the Municipal Court for the City of Sheridan, but following trial, the judge found her guilty and fined her $50 and assessed costs of $72.25. She appealed to Grant County Circuit Court and moved to have the citation against her dismissed because Officer Hartness had not been elected by the Commission, in direct contravention of Amendment 35 to the Arkansas Constitution. The circuit court agreed that a vote by the Commission as a body was required for the employment of Officer Hartness, and that had not transpired. The court held that the employment of personnel such as Officer Hartness was not delegable by the Commission, and it dismissed the charges on appeal as violative of the Arkansas Constitution. The State of Arkansas appealed the dismissal under Arkansas Rule of Criminal Procedure 36.10, an earlier version of the rule now located in Ark. R. App. P. – Crim. 3(b). We concluded,

> Clearly, [Rule 36.10] refers to an appeal by the State following either a misdemeanor or felony prosecution. Just as clearly, neither is involved in the case before us. What is involved is a violation of Game and Fish Regulation 3.02 for fishing without a license. A violation of that regulation carries with it, in the way of a penalty, a fine of between $50 and $1,000.
>
> Under state law, a "violation" is a separate category of offense from a misdemeanor and a felony and is defined as an offense that carries with it a fine or forfeiture or civil penalty. *See* Ark. Code Ann. § 5-1-108 (Repl.1993). In the instant case, we are concerned not with a statutory violation but with one established by agency regulation. In any event, a violation is not a misdemeanor or a felony, and those are the only two categories of prosecution which can generate an appeal by the State.
>
> Because there is no basis for the State to prosecute this appeal under Rule 36.10, we must dismiss for lack of jurisdiction. *State v. Mazur, supra; State v. Edwards, supra.*
>
> Appeal dismissed.

*State v. Bickerstaff,* 320 Ark. at 642-43, 899 S.W.2d at 69.[1]

In asking us to overrule *State v. Bickerstaff, supra,* or confine *Bickerstaff* solely to its facts, the State contends that an AGFC offense is a misdemeanor, not a violation, due to AGFC Regula-

---

[1] We denied the State's petition for rehearing in *State v. Bickerstaff, supra,* that cited AGFC Regulation 01.00H.

tion 01.00H that authorizes the imposition of a term of imprisonment not to exceed one year on a convicted violator. Thus, the State argues that its appeal is permissible under Ark. R. App. P. – Crim. 3, whereby an appeal by the State may be pursued following a misdemeanor prosecution.

■ As stated earlier, Herndon was cited for violating AGFC Regulation 15.05, which states:

Game and Fish Regulation 15.05

It shall be unlawful to release into the wild any native or non-native species of wildlife without prior approval of the Commission.

. . . .

PENALTY:  $500 to $1000.00

Under the general hunting regulations, the maximum penalty for violating an AGFC regulation is a fine up to $1000 and a term of up to one year in jail:

Game and Fish Commission Regulation 01.00-H[2]

Upon conviction, courts of competent jurisdiction are authorized to impose a maximum monetary penalty of up to $1,000.00 for violation of any Arkansas Game and Fish Commission regulation. Further, all courts of competent jurisdiction shall be provided additional authority to revoke hunting and fishing privileges as a penalty for conviction of any Game and Fish Commission regulation and authority to order the incarceration of convicted violators for up to (1) year.

Therefore, the issue is whether violations of AGFC regulations qualify as misdemeanors so as to allow a state appeal under Ark. R. App. P. – Crim. 3.[3] Under Ark. Code Ann. § 5-1-108(b) (Repl. 1997), the legislature has defined "violations" as follows:

---

[2] Regulation 01.00H was promulgated in 1988. Under an amendment adopted in 1990, the imprisonment provision was added to that regulation.

[3] Just as this court did in *State v. Bickerstaff, supra,* we must decide whether the appeal follows a misdemeanor or felony prosecution in order to decide whether we have jurisdiction of the State's appeal. In short, the issue here is "one of 'jurisdiction to determine jurisdic-

(b) Regardless of any designation appearing in the statute[4] defining an offense, an offense is a violation for purposes of this code if the statute defining the offense provides that no sentence other than a fine, or fine or forfeiture, or civil penalty is authorized upon conviction.

Ark. Code Ann § 5-1-108(b) (Repl. 1997). In contrast, a "misdemeanor" is defined in Ark. Code Ann. § 5-1-107 to include the following:

(a) An offense is a misdemeanor if:

(1) It is so designated by this code;

(2) It is so designated by a statute not a part of this code, except as provided in § 5-1-108; or

(3) *It is not designated a felony, and a sentence to imprisonment is authorized upon conviction.*

Ark. Code Ann § 5-1-107(a) (Repl. 1997) (emphasis added). Based on the plain language of section 5-1-107(a), we must conclude that because a violation of any AGFC regulation carries a penalty that can include imprisonment and such an offense is not designated a felony, the act of violating an AGFC regulation is a "misdemeanor" and not a "violation." While the *Bickerstaff* case set forth a holding that the only penalty for violating the AGFC regulation was a fine, this was an incorrect statement of the law. Rather, the penalty for violating an AGFC regulation can be any or all of the following: a fine, revocation of a hunting or fishing license, or incarceration of a convicted violator for up to one (1) year. Ark. Game & Fish Commission Reg. 01.00-H.

For all future cases, we overrule *State v. Bickerstaff, supra*, to the extent it stands for the proposition that violations of AGFC regulations do not qualify as misdemeanors. They clearly do based on AGFC Regulation 01.000H. Nevertheless, in this case, Herndon was cited by the AGFC for violating Regulation 15.05 and thereafter was found guilty by the Lee County District

---

tion,' as distinguished from 'jurisdiction to hear the merits of the case.' " *Merez v. Squire Court Ltd. Partnership*, 353 Ark. 174, 114 S.W.3d 184 (2003).

[4] Under Ark. Code Ann. § 5-1-102(20) (Repl. 1997), the term "statute" includes the Constitution and any statute of this state, any ordinance of a political subdivision of this state, and any rule or regulation lawfully adopted by an agency of this state.

Court of violating that regulation. At the time of his conviction, *Bickerstaff* controlled and thus the AGFC regulation violation did not qualify as a misdemeanor. Because Mr. Herndon was entitled to rely upon our *State v. Bickerstaff* ruling, it would be fundamentally unfair to impose the possibility of a misdemeanor conviction on him at this point. *Oliver v. State*, 323 Ark. 743, 918 S.W.2d 690 (1996) (fairness dictated prospective application of holding where defendant could justifiably have relied on the cases overruled); *Wiles v. Wiles*, 289 Ark. 340, 711 S.W.2d 789 (1986) (when overruling prior case law, our court recognized the validity of actions taken in faith upon old decisions while stating the rules to be followed in the future); *Rhodes v. State*, 276 Ark. 203, 634 S.W.2d 107 (1982) (modification in the court's interpretation of Rules 608(b) and 609 of the Arkansas Rules of Evidence to be applied prospectively and not to the case on appeal because the defendant relied upon prior case law). Consequently, for this case, *State v. Bickerstaff, supra,* controls, and the State is precluded from bringing this appeal.[5]

Appeal dismissed.

BROWN, J., dissents.

ROBERT L. BROWN, Justice, dissenting. I dissent because the majority has handed down an advisory opinion solely to overrule a case, *State v. Bickerstaff*, 320 Ark. 641, 899 S.W.2d 68 (1995), without resolving the duck hunting dispute at issue. The opinion simply overrules *Bickerstaff* for purposes of deciding our jurisdiction in future cases — not for purposes of deciding the case at hand. Overruling a case that does not decide a pending case is clearly advisory on an academic issue. We have never done that before. We enter troubled waters when we engage in issuing legal edicts apart from deciding the case before us.

This court's staunch position against advisory opinions was stated succinctly in 1995, when we said, ". . . this court does not anticipate future litigation and does not issue advisory opinions." *Wright v. Keffer*, 319 Ark. 201, 203-04, 890 S.W.2d 271, 272

---

[5] The "advisory opinion" rubric espoused by the dissent would effectively mean that this court's decision in *State v. Bickerstaff, supra,* could only be overruled by a retroactive application of our holding. Such an analysis would be contrary to our well-established case law that seeks to promote fairness through the prospective application of a new interpretation or rule. *Oliver v. State, supra; Wiles v. Wiles, supra; Rhodes v. State, supra.*

(1995). *See also State v. Fudge*, 361 Ark. 412, 206 S.W.3d 850 (2005); *Allen v. Titsworth*, 279 Ark. 138, 649 S.W.2d 185 (1983) (issue of certification for non-law enforcement administrative act not justiciable; court refused to issue advisory opinion on academic issue). More than forty years ago, Justice George Rose Smith handed down two seminal cases which stand for the bedrock principle that this court does not decide academic questions that do not bind the parties. *See Countz v. Roe*, 231 Ark. 108, 328 S.W.2d 353 (1959); *Hogan v. Bright*, 214 Ark. 691, 218 S.W.2d 80 (1949). But that is precisely what we are doing in this case.

The majority, however, maintains that it is not resolving an academic question by merely overruling *Bickerstaff* but that it is taking jurisdiction to decide jurisdiction. It cites *Merez v. Squire Court Ltd. P'ship*, 353 Ark. 174, 114 S.W.3d 184 (2003), for this proposition. But that case does not solve the advisory-opinion problem. In *Merez*, we reversed and remanded a case because the Workers' Compensation Commission, not the circuit court, had exclusive jurisdiction over the applicability of the Workers' Compensation Act. We did this so the injured workers could pursue their claims before the commission. In the case before us, the majority's overruling of *Bickerstaff* does nothing to resolve the Herndon/Game & Fish dispute. It is purely an advisory opinion, something this court should avoid at all costs.

No party in this matter has asked only that *Bickerstaff* be overruled. Game and Fish wants the merits addressed by means of a writ of *certiorari*, and Herndon prefers that *Bickerstaff* remain intact or, in any event, that the circuit court's opinion in favor of the federal preemption of state hunting laws be affirmed. I would review this case, using the vehicle that Game and Fish has invoked, which is the petition for writ of *certiorari*. I would then overrule *Bickerstaff*, address the preemption issue, and resolve it.

The majority contends that we are in a strait jacket. It laments that we cannot review this matter because a gross abuse of discretion by the circuit court is not at issue but only an alleged erroneous interpretation of statutes by that court. I disagree. We can accomplish our review by extraordinary writ. Amendment 80 to the Arkansas Constitution gives this court plenary power to issue writs in aid of our jurisdiction. Ark. Const. amend. 80, § 2(E).

The majority takes the much less desirable course of issuing an advisory opinion for future cases. This, I repeat, we have never done. For this reason, I respectfully dissent.