STATEWIDE HEALTH COORDINATING COUNCIL and BAPTIST MEDICAL SYSTEM, et al v. CIRCUIT COURT OF PULASKI COUNTY; Hon. Russell ROGERS, Circuit Judge on Assignment
GENERAL HOSPITALS OF HUMANA, INC., Intervenor
85-14                                        696 S.W.2d 729

Supreme Court of Arkansas
Opinion delivered September 30, 1985
[Rehearing denied November 4, 1985.*]

---

* Purtle, J., not participating.

*Steve Clark*, Att'y Gen., by: *George A. Harper*, Special Asst. Att'y Gen., for petitioner, Statewide Health Coordinating Council.

*Gill, Skokos, Simpson, Buford & Graham, P.A.*, by: *Harold H. Simpson, II*, for petitioner, Baptist Medical System.

No brief filed for respondent.

*Smith, Jernigan & Smith*, by: *George Jernigan* and *Robert Smith*; and *Rose Law Firm, A Professional Association*, by: *Webster L. Hubbell* and *Richard T. Donovan*, for intervenor.

B. J. McCoy, Special Justice. This is a petition by the Statewide Health Coordinating Council and Baptist Medical System, hereinafter called Petitioners, against Russell Rogers, Circuit Judge, for a writ to prohibit the Judge from proceeding in a cause pending before him in the Pulaski County Circuit Court.

On January 13, 1984, General Hospitals of Humana, Inc. (Humana) filed a request to amend the Arkansas State Health Plan with the Arkansas Health Planning and Development Agency and the Central Arkansas Health Systems Agency to allow for a new Sherwood Service Area and an additional 150 hospital beds for the Central Arkansas Health System Area. The

Central Arkansas Health Systems Agency adopted Humana's Plan Amendment after a Public Hearing on April 19, 1984, and proposed the amendment to the Statewide Health Coordinating Council (SHCC), the agency of State Government charged with, inter alia, formulating and amending the Arkansas State Health Plan. The SHCC declined to approve the Plan Amendment on May 15, 1984 and Humana filed an action in Pulaski County Circuit Court on June 13, 1984 for review of the SHCC decision as an administrative adjudication pursuant to the Arkansas Administrative Procedure Act, Ark. Stat. Ann. § 5-713 (Repl. 1976). Baptist Medical System (BMS) and St. Vincent Infirmary, non-profit, health care providers in the Central Arkansas Health Service Area, intervened in the action as interested parties in support of the SHCC decision. The SHCC filed a Motion to Dismiss and BMS filed a Motion for Summary Judgment both contending that the SHCC's refusal to amend the State Health Plan was administrative "rule making" not "adjudication", and as a result, judicial review pursuant to Ark. Stat. Ann. § 5-713 was not available to Humana. The requested relief was denied. A Motion to Reconsider the Motion for Summary Judgment was also denied by the Court. Although Petitioners agree that the Circuit Court has subject matter and personal jurisdiction, they contend that this Court should grant a Writ of Prohibition to prevent the Circuit Court from acting in excess of its jurisdiction by proceeding with review of the SHCC decision to deny Humana's request for an amendment to the State Health Plan as an adjudication.

It is well settled that when a trial court is proceeding in a matter where it is without authority this Court in its exercise of supervisory control has the authority to prevent the unauthorized proceeding by the issuance of a Writ of Prohibition. *Tucker Enterprises, Inc.* v. *Hartje, Judge*, 278 Ark. 320, 650 S.W. 2d 559 (1983). The Writ of Prohibition is an extraordinary and discretionary Writ which should not be granted unless the Petitioners are clearly entitled to relief and the Court against which it is sought is wholly without jurisdiction. *First Arkansas Leasing Corp.* v. *Munson, Chancellor*, 282 Ark. 359, 668 S.W.2d 543 (1984). A Writ of Prohibition is never issued to prohibit an inferior Court from erroneously exercising its jurisdiction.

*Springdale School District* v. *Jameson, Judge*, 274 Ark. 78, 621 S.W. 2d 860 (1981). This Court has consistently held that if the existence or non-existence of jurisdiction depends on contested facts which the Circuit Court is competent to inquire into and determine, a Writ of Prohibition will not be granted, though this Court may be of the opinion that the questions of fact have been wrongly determined by the Circuit Court and that their correct determination would have ousted the jurisdiction. *Wisconsin Brick & Block Corporation* v. *Cole, Judge*, 274 Ark. 121, 622 S.W.2d 192 (1981), *Twin City Lines, Inc.* v. *Cummings, Judge*, 212 Ark. 569, 206 S.W.2d 438 (1947), *Merchants & Planters Bank* v. *Hammock*, 178 Ark. 746, 12 S.W.2d 421 (1929).

██ The Arkansas Administrative Procedure Act confers subject matter jurisdiction on the Pulaski County Circuit Court for judicial review of agency rule making or adjudication. Ark. Stat. Ann. § 5-705 and § 5-713 (Repl. 1976). Whether the SHCC decision was the result of rule making or adjudication, in the case at bar, was a question of fact to be determined by the Circuit Court. In ruling on Petitioner's Motion to Dismiss and Motion for Summary Judgment, the Circuit Court considered the arguments and briefs of Petitioners, the administrative record which comprised more than 600 pages and held a full hearing on the Motion for Summary Judgment before concluding that the SHCC decision was the result of adjudication rather than rule making. Even if the Circuit Court erred, Petitioners are not clearly entitled to the requested relief because the Court is not clearly without jurisdiction. Mere error, irregularity or mistake in the proceedings of the court having jurisdiction does not justify resort to the extraordinary remedy of prohibition. *Arkansas Motor Coaches* v. *Taylor, Judge*, 234 Ark. 833, 354 S.W. 2d 731 (1962). The Writ of Prohibition cannot be used as a substitute for appeal. *Farm Bureau Mutual Insurance Company* v. *Southall*, 281 Ark. 141, 661 S.W. 2d 383 (1983), *Springdale School District* v. *Jameson, Judge*, supra. The Writ of Prohibition is denied.

██ Petitioners also contend that if a Writ of Prohibition is inappropriate, a Writ of Certiorari should issue because the Circuit Court's decision is clearly erroneous on the face of the record and appeal will only lie, after costly, time-consuming litigation. Petitioners are not entitled to relief by Certiorari on the

record presented because the Circuit Court was not on the face of the record without jurisdiction to determine whether the SHCC decision was the result of rule making or adjudication and has not acted in excess of its jurisdiction by proceeding with its review of the decision as an adjudication. *State Ex Rel Purcell* v. *Nelson*, 246 Ark. 210, 438 S.W. 2d 33 (1969); *McKenzie* v. *Burris*, 225 Ark. 330, 500 S.W.2d 357 (1973).

Petitioners' arguments that the State Health Plan is an administrative rule, and the SHCC's action was rule making are not addressed since the Circuit Court has jurisdiction to proceed with its review of this matter as an administrative adjudication. The Circuit Court's decision can be tested on appeal.

Writ denied.

PURTLE, J., not participating.

HAYS, J., not participating.