James P. ELKINS *v.* The Honorable Beth Gladden
COULSON, et al. and Cynthia Drake ELKINS

87-206                                     739 S.W.2d 675

Supreme Court of Arkansas
Opinion delivered November 16, 1987

*Kelley & Luffman*, for appellant.

No brief was filed.

Tom Glaze, Justice. This cause arose originally from a
divorce action between the petitioner, James P. Elkins, and
respondent, Cynthia Elkins. While other procedural problems
were raised at trial, the one relevant here concerns the trial court's
denial of petitioner's motion to set aside the divorce decree which
the court previously entered. Petitioner appealed from the court's
order denying his motion, but the court of appeals, by memoran-
dum opinion dated April 15, 1987, affirmed. Afterwards, Cynthia
Elkins moved that the court of appeals award her attorney's fees
for services rendered on appeal, which it did in the sum of
$750.00. On June 1, 1987, petitioner requested the court of

appeals to reconsider its award of fees, stating that such fees are not authorized by law. On June 17, 1987, the court of appeals denied petitioner's motion for reconsideration. Thirty-four days later, on July 21, 1987, petitioner filed this action for writ of prohibition against the court of appeals, contending that the court of appeals had exceeded its authority in granting attorney's fees. We deny petitioner's request and dismiss.

The writ of prohibition lies where an inferior court is proceeding in a matter beyond its jurisdiction and where the remedy by appeal, though available, is inadequate. *Duncan* v. *Kirby*, 228 Ark. 917, 311 S.W.2d 157 (1958). Mere error, irregularity or mistake in the proceedings of the court having jurisdiction does not justify resort to the extraordinary remedy of prohibition. *Statewide Health Coordinating Council* v. *Circuit Court of Pulaski County*, 287 Ark. 84, 696 S.W.2d 736 (1985).

While petitioner argues otherwise, his remedy in this matter was to petition for review pursuant to Rule 29(4)(a) of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas. The court of appeals clearly has jurisdiction and authority to award attorneys' fees in divorce actions, although it may have erred in doing so in this case.[1] We conclude that if the court of appeals did, indeed, err in its award of fees, petitioner's remedy was one of petition for review to be filed within seventeen calendar days from the date of the court's decision to grant the fees. That seventeen-day period has since passed.

For the reasons given above, we deny petitioner's request for writ of prohibition, and, therefore, dismiss his petition.

NEWBERN, J., not participating.

---

[1] Petitioner argues the only authority for the granting of attorney's fees in the instant case is Ark. Stat. Ann. § 34-1210 (Supp. 1985) and, citing this court's decision of *Floyd* v. *Isbell*, 211 Ark. 631, 201 S.W.2d 755 (1947), he further urges that statute does not apply in this action to vacate a divorce decree.