JUVENILE H. *v.* Hon. Terry CRABTREE

92-747                                        833 S.W.2d 766

Supreme Court of Arkansas
Opinion delivered July 6, 1992

*James M. Luffman*, for petitioner.

*Winston Bryant*, Att'y Gen., and *Charles Mackey, Mary Ann Gunn*, and *Debby Nye*, for respondent.

PER CURIAM. This case began with the deputy prosecuting attorney of Benton County filing a petition to adjudge Juvenile H., sixteen-years-old, in need of family services. On June 10, 1992, the Benton County Circuit/Chancery Court in Juvenile Division pursuant to Act 273 of 1989 placed H. in custody of the Department of Human Services because H. was in substantial risk of serious harm. The court amended its order on the same date wherein it appointed counsel for H. and provided H.'s pregnancy could not be terminated without an order of the court. H.'s counsel, who also is designated H.'s guardian ad litem, filed a motion requesting the amended June 10, 1992 order be modified by deleting any reference to H.'s right to terminate her pregnancy. On June 24, 1992, the juvenile court refused H.'s request, finding in relevant part as follows:

> 3. While there is no evidence that the juvenile is insane, the statements of counsel regarding prior institutionalization of the minor child in a psychiatric hospital and chemical abuse by the minor child, the pleadings and the relinquishment of custody by the mother leads the Court to believe on the record before it, that the minor child is not capable of giving informed consent, and therefore it is not in the best interest of the minor child to terminate the pregnancy.
>
> 4. The minor child has been placed in the care, custody, and control of the Department of Human Services of the State of Arkansas. Amendment 68 to the Constitution of the State of Arkansas expresses a strong public policy for protecting the life of an unborn child. The life of an unborn child is defined by Amendment 68 as from conception to birth. Amendment 68 also prohibits the use of public funds for an abortion. The State of Arkansas has

already, and will continue expending public funds for the care of the minor during pregnancy and would indirectly or directly expend funds for the care of the minor child while in custody of the state after termination of the pregnancy in violation of Amendment 68.

5. The order should be amended to remove the requirement of the assignment of a particular case worker by the Department of Human Services, and to enjoin the juvenile's attending physicians or the juvenile from terminating the juvenile's pregnancy.

At the time the trial court entered its order on June 26, 1992, H. was ten weeks pregnant. She now petitions for a writ of prohibition alleging the juvenile court is without jurisdiction to enter any order affecting her right to have or not to have an abortion. H. further asserts the court's order creates a consent requirement for an abortion where none is authorized by law. She asks this court to set aside the trial court's June 24, 1992 order and to prohibit the trial court from entering any order respecting H.'s right to terminate her pregnancy.

■ Prohibition will not lie unless the trial court is clearly without jurisdiction or has acted without authority and the petitioner is unquestionably entitled to such relief. The purpose of the writ is to prevent a court from exercising a power not authorized by law when there is no other adequate remedy by appeal or otherwise. It is never issued to prohibit an inferior court from erroneously exercising its jurisdiction, but only where the inferior tribunal is wholly without jurisdiction, or is proposing or threatening to act in excess of its jurisdiction. *Municipal Court of Huntsville, Madison County* v. *Casoli*, 294 Ark. 37, 740 S.W.2d 614 (1987); *Porter Foods, Inc.* v. *Brown, Judge*, 281 Ark. 148, 661 S.W.2d 386 (1983).

■ Pertinent to the facts and arguments made here, we note that certiorari lies where there is a want of jurisdiction or an act in excess of jurisdiction which is apparent on the face of the record. *State* v. *Nelson, Berry Pet. Co.*, 246 Ark. 210, 438 S.W.2d 33 (1969). And if we find that the trial court proceeded illegally and in excess of its jurisdiction, this court has treated proceedings on review as an application for certiorari in quashing the offending portions of the trial court's order. *Id.*

■ The Supreme Court has held that, regardless of whether exceptions are made for particular circumstances, a state may not prohibit any woman from making the ultimate decision to terminate her pregnancy before viability. *Planned Parenthood of Southeastern Pennsylvania* v. *Casey*, ___ U.S. ___ (Nos. 91-744 and 91-902 June 29, 1991). Arkansas recognizes this principal of law, but does require parental notification in certain circumstances. *See* Ark. Code Ann. §§ 20-16-801 to -808 (1987). Arkansas law also prohibits public funds from being used to pay for any abortion except to save the mother's life. Ark. Const. amend. 68. H. requests no public funds in this instance, so Amendment 68 is not relevant.

Clearly, the Benton County Juvenile Court has jurisdiction to declare H. in need of family services. Ark. Code Ann. § 9-27-306 (1987). However, neither the court nor the state's counsel, who appeared before the court, cited any authority giving that court power to enjoin H. or her attending physicians from terminating her pregnancy. As alluded to above, Arkansas law does provide that no operation shall be performed upon an unemancipated minor until at least forty-eight hours after written notice of the pending operation has been given to the minor's parent(s) or court-appointed guardian or custodian. §§ 20-16-801 and -802. However, a judicial by-pass procedure is provided if the minor elects not to notify her parent, guardian or custodian, but that procedure is initiated by petition in *probate* court. § 20-16-804. We should add that probate courts are not given authority in these matters unless the pregnant minor chooses not to notify her parents, guardian or custodian. *Id.*

■ In conclusion, we find no legal authority, and none has been cited, to support that part of the juvenile judge's order enjoining H. or her attending physicians from terminating her pregnancy. In this respect, the juvenile court exceeded its jurisdiction and its order reflecting such excess is erroneous on its face. Accordingly, we issue a writ of certiorari vacating the trial court's June 26, 1992 order.