STATE of Arkansas *v.* Rebecca BICKERSTAFF

CR 94-1141                                  899 S.W.2d 68

Supreme Court of Arkansas
Opinion delivered May 30, 1995
[Rehearing denied July 3, 1995.*]

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellant.

*Bowden Law Firm*, by: *David O. Bowden*, for appellee.

ROBERT L. BROWN, Justice. On May 30, 1993, the appellee, Rebecca Bickerstaff, was cited by Arkansas Game and Fish Wildlife Officer James Hartness for fishing without a license, an offense prohibited under Game and Fish Commission Regulation 3.02. She entered a plea of not guilty in the Municipal Court for the City of Sheridan, but following trial, the judge found her guilty and fined her $50 and assessed costs of $72.25. She appealed to Grant County Circuit Court, but before trial, she moved to have the citation against her dismissed because Offi-

---

*Roaf, J., not participating.

cer Hartness had not been elected by the Game and Fish Commission in direct contravention of Amendment 35 of the Arkansas Constitution. The circuit court agreed that a vote by the Commission as a body was required for the employment of Officer Hartness and that that had not transpired. The court held that the employment of personnel such as Officer Hartness was not delegable by the Commission, and it dismissed the charges on appeal as violative of the Arkansas Constitution.

The State of Arkansas now appeals the dismissal under Arkansas Rule of Criminal Procedure 36.10. We dismiss for lack of subject matter jurisdiction.

■■ Neither party raised the issue of subject matter jurisdiction, but we are obliged to do so on our own. *State* v. *Gray*, 319 Ark. 356, 891 S.W.2d 376 (1995); *State* v. *Edwards*, 310 Ark. 516, 838 S.W.2d 356 (1992). The precise question before us is whether the State has the authority to appeal from a dismissal of the offense involved, which is a violation of Game and Fish Commission Regulation 3.02. We have made it clear in the past that appeals by the State are authorized in only the narrowest of instances. *State* v. *Mazur*, 312 Ark. 121, 847 S.W.2d 715 (1993); *State* v. *Hurst*, 296 Ark. 132, 752 S.W.2d 749 (1988). The reason is simple. The State has considerable resources to appeal a dismissal or acquittal, which places the defendant at a pronounced disadvantage.

A threshold question in an appeal by the State is whether the requirement under Rule 36.10(b) of the Arkansas Rules of Criminal Procedure has been met. Rule 36.10(b) reads:

> (b) Where an appeal, other than an interlocutory appeal, is desired on behalf of the state following either a misdemeanor or felony prosecution, the prosecuting attorney shall file a notice of appeal within thirty (30) days after entry of a final order by the trial judge.

Clearly, the rule refers to an appeal by the State following either a misdemeanor or felony prosecution. Just as clearly, neither is involved in the case before us. What is involved is a violation of Game and Fish Regulation 3.02 for fishing without a license. A violation of that regulation carries with it, in the way of a penalty, a fine of between $50 and $1,000.

Under state law, a "violation" is a separate category of offense from a misdemeanor and a felony and is defined as an offense that carries with it a fine or forfeiture or civil penalty. *See* Ark. Code Ann. § 5-1-108 (Repl. 1993). In the instant case, we are concerned not with a statutory violation but with one established by agency regulation. In any event, a violation is not a misdemeanor or a felony, and those are the only two categories of prosecution which can generate an appeal by the State.[1]

■ Because there is no basis for the State to prosecute this appeal under Rule 36.10, we must dismiss for lack of jurisdiction. *State* v. *Mazur, supra; State* v. *Edwards, supra.*

Appeal dismissed.

ROAF, J., not participating.

---

[1]We are aware that there is a state statute which provides that fishing without a fishing license is a "misdemeanor." *See* Ark. Code Ann. § 15-42-101 (Repl. 1994). Appellee Bickerstaff was not charged under this statute, however, but under Game and Fish Regulation 3.02. Moreover, section 8 of Amendment 35 of the Arkansas Constitution expressly endows the Game and Fish Commission with the authority to "fix penalties for violations." *See State, ex rel. Wright* v. *Casey,* 225 Ark. 149, 279 S.W.2d 819 (1955).