## ARKANSAS GAME & FISH COMMISSION *v.*
## Brian HERNDON

CR 05-356 207 S.W.3d 554

Supreme Court of Arkansas
Opinion delivered April 28, 2005

*Law Offices of James F. Swindoll,* by: *James F. Swindoll,* for appellant.

No response.

PER CURIAM. Petitioner, the Arkansas Game and Fish Commission ("Commission"), seeks review of the circuit court's dismissal of a case charging the respondent, Brian Herndon, with a violation of Arkansas Game and Fish Commission regulations and seeking an injunction against him.

This case arose when Mr. Herndon, the owner of Big Creek Hunting Club in Lee County, released approximately two thousand free-ranging mallard ducks for the purpose of attracting and holding wild migratory waterfowl for the benefit of hunters. The release, which occurred prior to and during the 2004-05 state waterfowl-hunting season, was conducted without permission

from the Commission. Subsequently, the State of Arkansas sought to impose a fine of $1,000 and court costs of $150 against Mr. Herndon. Further, the State requested an injunction ordering Mr. Herndon to recapture and dispose of the mallards. According to the State, Mr. Herdon's conduct was prohibited by Arkansas Game and Fish Commission Code 15.05, which makes it unlawful (with certain exceptions, inapplicable here) "to release into the wild any native or non-native species of wildlife without prior approval of the Commission."

The Lee County District Court found Mr. Herndon guilty of violating Code 15.05 and fined him $500, plus court costs. The court did not issue an injunction, believing it lacked the authority to do so. Mr. Herndon appealed his conviction to the Lee County Circuit Court, which concluded that the regulation allegedly violated by Mr. Herdon was preempted by the United States Congress by its passage of the Migratory Bird Treaty Act and regulations of the Department of the Interior. Accordingly, the circuit court dismissed the case against Mr. Herndon.

■■ The Commission now comes before this court and petitions for a Writ of Certiorari, seeking review of the circuit court's ruling on the issue of whether Code 15.05 is preempted by federal law. It is well settled that appeals by the State are authorized in only the narrowest of circumstances. *State v. Bickerstaff*, 320 Ark. 641, 899 S.W.2d 68 (1995). Arkansas Rule of Criminal Procedure 36.10(b), which provides for the filing of appeals by the State, refers specifically to appeal following a "misdemeanor or felony prosecution," but makes no mention of appeal following a prosecution for violation of an agency regulation. In *Bickerstaff, supra*, we dismissed a State appeal based on an alleged violation of a Commission regulation against fishing without a license, holding that there was no basis for the State to prosecute the appeal under Rule 36.10 and, thus, we had no jurisdiction. Further, the question of whether federal law has preempted Arkansas Game and Fish Commission Code 15.05 is being raised for the first time. We, therefore, order the parties to brief the following issues:

> 1. Does this court have subject-matter jurisdiction to review the circuit court's order dismissing the case on grounds of federal preemption?

2. Assuming, arguendo, that this court does have subject–matter jurisdiction, has the Arkansas Game and Fish Commission Code 15.05 been preempted by the Migratory Bird Treaty Act and related federal regulations?

The clerk of this court shall establish a briefing schedule.