ARKANSAS DEPARTMENT of HUMAN SERVICES *v.*
CIRCUIT COURT of SEBASTIAN COUNTY

05-498                                          214 S.W.3d 856

Supreme Court of Arkansas
Opinion delivered October 6, 2005

*Gray Turner*, for petitioner.

*Mike Beebe*, Att'y Gen., by: *Eric Walker*, Ass't Att'y Gen., for respondent.

*Jo Carson*, for dependent–neglected juveniles.

TOM GLAZE, Justice. The Arkansas Department of Human Services (DHS) has filed a petition for writ of certiorari, alleging that the Circuit Court of Sebastian County acted in excess of its jurisdiction in ordering a custody arrangement.

On December 29, 2004, Sebastian County Circuit Judge Mark Hewett opened a protective services case on the three children of Carla Dix. After a hearing, Judge Hewett ordered a home study on Dix's residence; the judge also ordered Dix not to move in with her boyfriend until she was divorced from her husband. On February 1, 2005, a Department of Children and Family Services caseworker went to Dix's house, where the caseworker found Dix and her boyfriend living together. Dix told the caseworker that she had given custody of the children to their father, who was living in Oklahoma. Later that same day, Judge Hewett approved a 72-hour hold on the children because they had been taken out of state.

On February 4, 2005, DHS filed a petition for emergency custody, alleging that the children were dependent/neglected. The petition further asked the court to place custody of the children with DHS pending a further hearing or court order. The court granted the petition for emergency custody on February 4, 2005, finding that there was probable cause to believe that the children were dependent/neglected. As such, the court placed the children in the custody of DHS, and set a probable cause hearing for Friday, February 11, 2005.

Following the February 11 hearing, the trial court entered a probable cause order, finding that probable cause existed to believe that the children were dependent/neglected. The children were placed in the physical custody of their maternal grandmother, Toni Anderson. The court set an adjudication hearing for March 11, 2005. After that hearing, the court entered an adjudication order in which it found that the children were dependent/neglected. The court then made the following ruling:

> Legal custody of the juveniles shall remain with [DHS] pending further order of the court, and physical custody remains with Toni Anderson as previously ordered. The court notes [DHS's] objection to the split custody arrangement. The court makes this order based on the ruling in the case of *Linda Batiste v. Arkansas Department of Human Services*, Arkansas Supreme Court Case No. 04-486.

Upon concluding its adjudication order, the court continued jurisdiction over the matter and set a review hearing for June 23, 2005.

On May 9, 2005, DHS filed the instant petition for writ of certiorari, alleging that the circuit court had acted in excess of its jurisdiction by ordering that legal and physical custody of the children be split between DHS and Anderson. We decline to issue the writ and hold that DHS should have appealed.

A writ of certiorari is appropriate when on the face of the record it is apparent that no other remedy is available to correct a plain, manifest, and gross abuse of discretion by the trial judge. *See, e.g., Lackey v. Bramblett,* 355 Ark. 414, 139 S.W.3d 467 (2003); *Ivy v. Keith,* 351 Ark. 269, 92 S.W.3d 671 (2002); *Johnson v. Johnson,* 343 Ark. 186, 33 S.W.3d 492 (2000). This court has specifically stated that "a writ of certiorari is extraordinary relief, and we will grant it only when there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record." *Arkansas Dep't of Human Servs. v. Collier,* 351 Ark. 506, 516, 95 S.W.3d 772, 777 (2003) (emphasis added) (citing *Cooper Communities, Inc. v. Benton County Cir. Ct.,* 336 Ark. 136, 984 S.W.2d 429 (1999)).

Moreover, this court has recognized that certiorari is not an appropriate remedy to use to reverse a trial court's discretionary authority. *Collier, supra; see also Juvenile H. v. Crabtree,* 310 Ark. 208, 833 S.W.2d 766 (1992). Certiorari is appropriate where a party claims that a lower court did not have jurisdiction to hear a claim. *Kraemer v. Patterson,* 342 Ark. 481, 29 S.W.3d 684 (2000). However, certiorari will not take the place of an appeal unless the right of appeal has been lost by no fault of the aggrieved party. *King v. Davis,* 324 Ark. 253, 920 S.W.2d 488 (1996).

Stated another way, certiorari is not appropriate when some other remedy, such as appeal, exists. *See May Construction Company, Inc. v. Thompson,* 341 Ark. 879, 20 S.W.3d 345 (2000) (certiorari inappropriate where petitioner fell short of showing that there had been a plain, manifest, clear, and gross abuse of discretion without any other remedy, such as appeal). Under Ark. R. App. P.—Civ. 2(c)(3)(A), when an order results from an adjudication or disposition hearing in a juvenile case where an out-of-home placement has been ordered, such an order is final and appealable.

In 1999, this court appointed the Arkansas Supreme Court Ad Hoc Committee on Foster Care and Adoption to assess court processes and implement plans to improve those processes in order

to enable children who are abused and neglected to be placed in safe and permanent homes in a timely fashion. Following the Committee's recommendations, this court specifically amended the Rules of Appellate Procedures in 1999 to permit appeals from such orders. *See In re: Rules of Appellate Procedure — Civil, Rule 2*, 336 Ark. Appx. 649 (1999). This amendment to Ark. R. App. P.—Civ. 2 was intended to expedite appeals in such cases. *Id.*

DHS concedes that certiorari will not lie when an appeal is available, but nonetheless maintains that it is entitled to the writ in this case because the circuit court, in splitting legal and physical custody between DHS and the grandmother, Anderson, made a ruling that it did not have the power to make. Particularly, DHS argues that there is no disposition in the juvenile code that would have permitted the court to make the type of custody order that it did here, and the court's order was in "clear contradiction" of the juvenile placement statutes. In essence, DHS contends that the circuit court did not have the "jurisdiction" to make the kind of disposition it did in this case.

■ DHS has confused a court's "jurisdiction," which is a court's ability to act, with a court's error in interpreting a statute. "Jurisdiction" is the power of the court to hear and determine the subject matter in controversy between the parties. *Pederson v. Stracener*, 354 Ark. 716, 128 S.W.3d 818 (2003); *see also State v. Circuit Court of Lincoln County*, 336 Ark. 122, 984 S.W.2d 412 (1999) (concluding that the Lincoln County Circuit Court was wholly without jurisdiction to decide a Rule 37 petition for postconviction relief, when the petitioner had been sentenced not in Lincoln County, but in Cleveland County Circuit Court); *Douthitt v. Douthitt*, 326 Ark. 372, 930 S.W.2d 371 (1996) (holding that chancery court lacked subject-matter jurisdiction to hear a tort claim).

■ This concept was explained succinctly in *Young v. Smith*, 331 Ark. 525, 964 S.W.2d 784 (1998), wherein this court wrote as follows:

> The rule of almost universal application is that there is a distinction between want of jurisdiction to adjudicate a matter and a determination of whether the jurisdiction should be exercised. Jurisdiction of the subject matter is power lawfully conferred on a court to adjudge matters concerning the general question in controversy. It is power to act on the general cause of action alleged and

> to determine whether the particular facts call for the exercise of that power. *Subject matter jurisdiction does not depend on a correct exercise of that power in any particular case. If the court errs in its decision or proceeds irregularly within its assigned jurisdiction, the remedy is by appeal or direct action in the erring court.* If it was within the court's jurisdiction to act upon the subject matter, that action is binding until reversed or set aside.

*Young,* 331 Ark. at 529 (citing *Banning v. State,* 22 Ark. App. 144, 149, 737 S.W.2d 167, 170 (1987) (citations omitted) (emphasis added); *see also Lamb & Rhodes v. Howton,* 131 Ark. 211, 213, 198 S.W. 521, 522 (1917).

■ DHS has improperly attempted to focus on the language in our cases stating that certiorari will lie when a court does not have jurisdiction "to issue a particular type of remedy." *See, e.g., Lenser v. McGowan,* 358 Ark. 423, 191 S.W.3d 506 (2004); *Lackey v. Bramblett,* 355 Ark. 414, 139 S.W.3d 467 (2003). It argues that, because the statutes governing the placement of juveniles do not authorize the type of custody arrangement ordered by the trial court, the court "lacked jurisdiction" to issue that type of remedy. However, it is plainly apparent that the circuit court *had jurisdiction* to enter an order placing the juveniles and establishing custody in this case. *See generally* Ark. Code Ann. § 9-27-355 (Supp. 2005); *see also Arkansas Dep't of Human Servs. v. Collier,* 351 Ark. 506, 95 S.W.3d 772 (2003) (circuit court has exclusive jurisdiction over proceedings in which a juvenile is alleged to be dependent/neglected and in which custody of a juvenile is transferred to DHS).

■ What is actually the subject of review in this case is whether the trial court *correctly interpreted* the placement statutes and related cases in making its decision. Certiorari will not lie in this instance, because the trial court clearly had the authority to make a placement decision; whether that decision was correct or not should have been the subject of an appeal, to which DHS would have been entitled under Ark. R. App. P.–Civ. 2(c)(3)(A). This court therefore denies DHS's petition for writ of certiorari.