ARKANSAS GAME & FISH COMMISSION *v.*
Brian HERNDON

226 S.W.3d 776

CR 05-356

Supreme Court of Arkansas
Opinion delivered February 2, 2006
[Rehearing denied March 9, 2006.[*]]

---

[*] BROWN, J., would grant rehearing.

*Arkansas Game & Fish Comm'n*, by: *James F. Goodhart* and *Robert K. Jackson; Perkins & Trotter, PLLC*, by: *G. Alan Perkins* and *Julie D. Greathouse*, for appellant.

*Law Offices of James F. Swindoll*, by: *James F. Swindoll*, for respondent/appellee.

A NNABELLE CLINTON IMBER, Justice. The Arkansas Game and Fish Commission (AGFC) petitions this court for a writ of certiorari in response to the circuit court's dismissal of a case charging Brian Herndon with a violation of AGFC regulations and seeking an injunction against him. We deny its petition.

This case arose when Brian Herndon, the owner of Big Creek Hunting Club in Lee County, released approximately two thousand free-range mallard ducks for the purpose of attracting and holding wild migratory waterfowl for the benefit of hunters. The release, which occurred prior to and during the 2004-05 state waterfowl-hunting season, was conducted without permission from the AGFC. Subsequently, the State of Arkansas sought to impose a fine of $1,000 and court costs of $150 against Mr. Herndon. The State also requested an injunction ordering Mr. Herndon to recapture and dispose of the mallards. According to the State, Mr. Herndon's conduct was prohibited by AGFC Regulation 15.05, which makes it unlawful (with certain exceptions, inapplicable here) "to release into the wild any native or non-native species of wildlife without prior approval of the Commission." The Lee County District Court found Mr. Herndon guilty of violating Regulation 15.05 and fined him $500, plus court costs. The court did not issue an injunction, believing it lacked the authority to do so. Mr. Herndon appealed his conviction to the Lee County Circuit Court. The circuit court concluded that the regulation allegedly violated by Mr. Herndon was preempted by the United States Congress by its passage of the Migratory Bird Treaty Act and regulations of the Department of the Interior. Accordingly, the circuit court dismissed the case against Mr. Herndon.

AGFC now petitions this court for a writ of certiorari, seeking review of the circuit court's ruling on the issue of whether

Regulation 15.05 is preempted by federal law. We therefore have jurisdiction of this case pursuant to Ark. Sup. Ct. R. 1-2(a)(3) (2005).

A writ of certiorari is extraordinary relief. *Ark. Dep't of Human Servs. v. Collier*, 351 Ark. 506, 95 S.W.3d 772 (2003). In determining its application we will not look beyond the face of the record to ascertain the actual merits of a controversy, or to control discretion, or to review a finding of fact, or to reverse a trial court's discretionary authority. *Id.* There are two requirements that must be satisfied in order for this court to grant a writ of certiorari. The first requirement is that there can be no other adequate remedy but for the writ of certiorari. Second, a writ of certiorari lies only where (1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, *or* (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Id.*

The first requirement for granting a writ of certiorari is that no other adequate remedy exists but for the writ of certiorari. The AGFC argues that no other adequate remedy exists for the State or itself due to this court's holding in *State v. Bickerstaff*, 320 Ark. 641, 899 S.W.2d 68 (1995). In *State v. Bickerstaff, supra,* we held that an offense charged under the AGFC regulations amounted to a violation and not a misdemeanor. In so concluding, we held that the State was not allowed to appeal under Ark. R. App. P. – Crim. 3, whereby the State can only bring an appeal following either a misdemeanor or felony prosecution. Thus, we concluded that we lacked subject-matter jurisdiction to hear the appeal. Here, because *State v. Bickerstaff, supra,* was the controlling law at the time of Mr. Herndon's citation, no other adequate remedy exists for the State or AGFC.[1] Consequently, the first requirement for granting a writ of certiorari has been met.

---

[1] In *State v. Bickerstaff, supra,* we failed to consider section 01.00H of the AGFC Regulations. Section 01.00H authorizes the trial court to impose a term of imprisonment not to exceed one year on a convicted violator. The possibility of sentence up to one year in prison raises the level of the offense from a violation to a misdemeanor, which is appealable by the State under Ark. R. App. P. – Crim. 3. Thus, we were incorrect in our analysis of the regulations in *State v. Bickerstaff.* In *State v. Herndon*, CR 05-612, also handed down today, we are prospectively overruling *State v. Bickerstaff* and in the future, the State will henceforth have an adequate remedy on appeal.

Nevertheless, in addition to the lack of adequate remedy, as explained earlier, we will only grant a writ of certiorari where (1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, *or* (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. We have granted a writ of certiorari in a variety of situations. For example, in *Juvenile H. v. Crabtree*, 310 Ark. 208, 833 S.W.2d 766 (1992), we concluded that the first requirement was met when the circuit court placed pregnant H. in the custody of DHS and ordered that her pregnancy could not be terminated without a court order. We held that there was no legal authority to support the trial court's order forbidding H. to terminate her pregnancy. Due to the complete lack of legal authority behind the trial court's decision, we held that the trial court had exceeded its jurisdiction, the order was erroneous on its face, and, thus, the writ was granted. Moreover, in *Ark. Dep't of Human Servs. v. Templeton*, 298 Ark. 390, 769 S.W.2d 404 (1989), we held that a writ of certiorari was appropriate when a probate court used a master in a juvenile case despite our previous holding that masters could not be used in juvenile cases. We determined that the circuit court was clearly in excess of its jurisdiction under the Juvenile Code, thereby satisfying the second requirement. In *Ark. Dep't of Human Servs. v. Collier*, *supra*, we granted a petition for a writ of certiorari when a trial court made a decision that was contrary to the plain language of a statute. In *Collier*, the trial court declared an unborn fetus to be a dependent-neglected juvenile even though the Juvenile Code specifically defined "juvenile" as an individual from "birth to age 18." We held that the trial court had exceeded its statutory authority and that the error was clear on the face of the record. In other words, the trial court had refused to abide by a clear statutory definition, and this warranted the granting of the writ.

In contrast, our case law demonstrates that we have denied petitions for a writ of certiorari when a party merely complains that a trial court erroneously interpreted a statute. For example, in *Dept. of Human Servs. v. Sebastian County*, 363 Ark. 389, 214 S.W.3d 856 (2005), DHS alleged that a writ of certiorari was appropriate when a circuit court interpreted a juvenile statute to allow the grant of a split-custody arrangement. DHS argued that the court had acted in excess of jurisdiction in ordering that legal and physical custody of the children be split between DHS and the mother. We disagreed and stated that "[s]ubject matter jurisdiction does not depend on a correct exercise of [the] power in any

particular case" and the circuit court still had jurisdiction to enter the order even "[i]f the court errs in its decision or proceeds irregularly within its assigned jurisdiction." *Id.* (quoting *Young v. Smith*, 331 Ark. 525, 964 S.W.2d 784 (1998)). We went on to say that "[w]hat is actually the subject of review in this case is whether the trial court *correctly interpreted* the placement statutes and related cases in making its decision" and a writ of certiorari was not appropriate because "the trial court clearly had the authority to make a placement decision." *Dept. of Human Servs. v. Sebastian County, supra.* Similarly, in *Statewide Health Coordinating Council v. Circuit Court of Pulaski County*, 287 Ark. 84, 696 S.W.2d 729 (1985), the circuit court interpreted a statute to give itself juris-diction of the matter. The complaining party alleged the court's interpretation of the statute was an erroneous ruling and caused the circuit court to act in excess of its jurisdiction. We stated, "Even if the Circuit Court erred, Petitioners are not clearly entitled to the requested relief because the court is not clearly without jurisdic-tion. Mere error, irregularity, or mistake in the proceedings of the court having jurisdiction does not justify resort to the extraordi-nary remedy of [a writ]." *Id.* at 87, 696 S.W.2d at 731. Addition-ally, we held that the petitioners "were not entitled to relief by Certiorari on the record presented because the Circuit Court was not on the face of the record without jurisdiction to determine whether the [agency] decision was the result of rule making or adjudication and has not acted in excess of its jurisdiction by proceeding with its review of the decision as an adjudication." *Id.* at 87-88, 696 S.W.2d at 731. *See also Elkins v. Coulson*, 293 Ark. 539, 739 S.W.2d 675 (1987).

██ In the instant case, the circuit court clearly had the authority to rule on the preemption issue.[2] Therefore, the circuit court did not lack jurisdiction, act in excess of its jurisdiction, or proceed erroneously on the face of the record in making a decision on the preemption issue. Furthermore, the circuit court's exercise of its discretion is not at issue here. Accordingly, because the required standards for granting a writ of certiorari have not been satisfied in this case, the AGFC's petition for a writ of certiorari must be and hereby is denied.

BROWN, J., dissents.

---

[2] Notably, even if the trial court *erroneously decided* the preemption issue, this does not mean that the circuit court *acted erroneously* in making a decision on the issue.

R OBERT L. BROWN, Justice, dissenting. I dissent in this case for the reasons stated in my dissenting opinion in *State of Arkansas v. Herndon,* 365 Ark. 185, 226 S.W.3d 771 (2006), handed down this date.

---

* BROWN, J., would grant rehearing.