2011 Ark. 126

**Phyllis WHITE, Appellant,**

v.

**Ren PALO & Mike Rostollan, Appellees.**

**No. 10–1085.**

Supreme Court of Arkansas.

March 31, 2011.

Evans & Evans Law Firm, by: James E. Evans, Jr., Springdale, for appellant.

Randy Rainwater, Mena, for appellees.

JIM GUNTER, Justice.

Appellant Phyllis White appeals from an order of the Polk County Circuit Court requiring the sale and distribution of assets from the Harriet Ehret Living Trust. Appellant, who served as trustee of the trust, maintains that the circuit court erred in finding it had jurisdiction and venue over the trust, that it erred in exercising that jurisdiction to order the sale of the trust's assets, and that it erred in finding that appellant had consented to its jurisdiction. Although appellant filed this case as an appeal from the circuit court's order, the only relief she requests is extraordinary relief, either by way of writ of prohibition or writ of certiorari. She asks this court to prohibit the Polk County Circuit Court from exercising jurisdiction over the trust and to determine that it was without jurisdiction to order the sale and disbursement of trust assets. We grant appellant the relief she requests because the Polk County Circuit Court clearly acted outside its authority and exceeded its jurisdiction when it entered an order requiring the sale and distribution of trust assets, because its jurisdiction terminated with the death of Harriet Ehret.

On January 12, 1991, Harriet Ehret created a living trust and transferred to it the entirety of her assets. On July 31, 1998, Ehret amended and executed another declaration of trust and transferred by warranty deed her real property located in Boone County to the trust. On September 25, 2008,[1] Ehret again amended the trust, naming herself as trustee and appellant as successor trustee. Also on September 25, 2008, Ehret executed a durable power of attorney giving appellant the authority to transact business and make decisions for Ehret.

On January 9, 2009, appellant Phyllis White filed a petition to be appointed temporary and permanent guardian of Ehret in Polk County Circuit Court. Attached to the petition was a letter from Dr. David Henderson stating that Ehret was unable to make decisions for herself due to her physical and mental condition. At the time of the petition, Ehret was a resident in a nursing-care facility in Mena, Arkansas, located in Polk County. The circuit court granted appellant temporary guardianship of Ehret on January 12, 2009. Thereafter, several motions were filed by appellee Renald Palo, who claimed to have cohabited with Ehret for at least seventeen years, alleging that appellant was

---

1. The header of the document states the date as February 31, 1998—a date that does not exist—but the body of the document and the signing page show the date as September 25, 2008.

mishandling Palo's personal property and the residential property he shared with Ehret in Boone County. Palo asked the court to appoint him guardian over Ehret and her estate.

Appellees Joseph M. "Mike" Rostollan and Palo filed an objection to appellant serving as guardian and requested her removal on March 17, 2009. On that same date, appellee Rostollan and Gary D. Simpson filed a petition to be appointed co-guardians of Ehret's person and estate. On March 18, 2009, the Arkansas Department of Human Services (DHS) filed a Petition for Emergency Custody claiming that Ehret was endangered and that custody should be placed with DHS. Thereafter, on April 8, 2009, DHS took custody of Ehret, and the circuit court entered an order awarding long-term custody of Ehret to DHS. On June 9, 2009, appellant withdrew her petition to be appointed guardian, and the circuit court entered an order appointing Rostollan and Simpson as co-guardians of Ehret's estate.

Rostollan and Simpson filed a Motion for Consent to Revoke Living Trust on August 11, 2009, asserting that a living trust created by Ehret in 1998 and last amended in September 2008 was entered into when Ehret was of questionable competency, that the successor trustee (appellant) was not competent or trustworthy, and that Ehret's assets were inadequate for her care. On October 1, 2009, Rostollan and Simpson filed a Petition for Emergency Relief asking the court to order appellant, as trustee for the living trust, to immediately list the residential property for sale so that the proceeds could be used to pay medical expenses for Ehret. In two letters written from the circuit judge of Polk County to the parties during November 2009, the court appointed Karl Cunningham and Van Younes to serve as special masters to organize and liquidate all of Ehret's property, including property held in trust.

On March 15, 2010, Ehret passed away. The Polk County Circuit Court acknowledged Ehret's death in a letter filed March 18, 2010. In that letter, the circuit judge stated, "I assume that someone will be filing a petition to probate her will and/or to terminate the guardianship and implement provisions of the trust." On March 23, 2010, the circuit judge in Polk County sent another letter noting that appellant's counsel (Orvin Foster) had "suggested that the proper procedure at this point is to close the guardianship (once all accountings are complete) and open a probate proceeding in Boone County. All property issues could be addressed in that proceeding. I am inclined to agree with him."

On April 7, 2010, appellant filed a Petition to Terminate Guardianship by Reason of Death, requesting that the court terminate the guardianship, examine all accountings filed by guardians, hold moot all pending motions and petitions with regard to the guardianship, and appoint a personal representative of Ehret's estate. Appellant attached Ehret's death certificate to the petition. Thereafter, on April 12, 2010, the Polk County circuit judge sent a letter stating that

> I have no objection to Mr. Foster's client needlessly opening a probate estate in any County. As all attorneys involved in this matter[,] Mr. Cunningham[,] and the beneficiaries of the Trust reside or practice in this jurisdiction[,] and this court [is] already familiar with the parties, the facts[,] and the pleadings[,] it is my belief that jurisdiction is already before this court. Judicial economy and issues of expediency require further orders of this court. Likewise[,] I believe venue over the Guardianship matter as well as the Trust issues are

properly before this court. Whether a probate estate is filed or not.

On June 22, 2010, appellant filed a petition in Boone County Circuit Court to probate Ehret's estate and to administer the trust. The Boone County Circuit Court entered a notice on that same date that a petition had been filed to admit a probate of Ehret's will and for the appointment of a personal representative.

On June 28, 2010, the Polk County Circuit Court filed a letter in which it determined that "this court has no choice but to exercise jurisdiction over the trust in order to facilitate the closure of the guardianship." The circuit court further found that because appellant chose to file the guardianship in Polk County Circuit Court, she had consented to the court's jurisdiction over the trust. The letter also states that "[i]t matters little because all trust assets must be sold to execute the distribution called for in the trust itself" and that "it also matters little who carries out that function in that I previously indicated the court would require the trust assets to be used only with court approval." On July 12, 2010, DHS filed a motion to dismiss its guardianship of Ehret's person due to her death. The court entered an order dismissing the DHS guardianship on July 12, 2010. Then, on July 19, 2010, the circuit court entered an order finding that

1. This court has jurisdiction over the Harriet Ehret Trust and venue is properly in this court. Specifically this exercise of jurisdiction is necessary to facilitate the closure of the guardianship, to sell the trust assets of the trust and to execute the distribution called for in the trust.

2. Since the Trustee chose to file the guardianship in this court, she has consented to this court's jurisdiction over the trust.

The order further found that appellant was not being removed as trustee; that all personal property belonging to the trust located in Polk County was to be sold at auction by July 11, 2010, and that auctioneer Farrell Cole was to oversee the sale; that attorney Van Younes acting under previous authority of the Polk County Circuit Court was to sell all personal and real property belonging to the trust located in Boone County; that the net proceeds from the sale of all trust assets were to be placed in the registry of the court; and that the circuit court would assess the validity of all claims filed in the guardianship and order distribution of the trust assets in accordance with the trust instrument. Also on July 19, 2010, appellant as trustee filed an objection to the circuit court's order asserting that, in her capacity as trustee, she had never acquiesced to jurisdiction in Polk County; that an active estate for her deceased aunt was ongoing in Boone County; that the Boone County Circuit Court should determine issues with regard to probate and the trust; that she agreed to the sale of all personal property located in Polk County but that all monies generated from that sale should be placed in the registry of the estate in Boone County; that she, as trustee, and no other person, had authority to oversee the sale of trust property; and that anyone with claims against the estate should file those claims in Boone County. Appellant filed a notice of appeal on July 27, 2010, from the circuit court's order.

Appellant's point on appeal is threefold: that the trial court erred in determining that it had jurisdiction over the trust and that venue was proper; that the trial court erred in exercising that jurisdiction and requiring the sale and distribution of all trust assets; and the trial court erred in determining that appellant, as trustee, had consented to the court's jurisdiction. Spe-

cifically, appellant contends that because a complaint was never filed against the trust and because the trust was never properly served with valid service of process, the Polk County Circuit Court lacked jurisdiction to render its decision regarding administration of the trust, especially since a trust-administration petition had been filed in Boone County Circuit Court. Moreover, appellant maintains that once Ehret passed away, the guardianship|₇was terminated and that the Polk County Circuit Court lost jurisdiction to do anything other than dismiss the guardianship and make a proper accounting.

Although appellant filed this case as a direct appeal from the Polk County Circuit Court's July 19 order, we have stated many times that we will treat an appeal as a petition for extraordinary relief where the party is contesting the lack of jurisdiction. *See State v. D.S.*, 2011 Ark. 45, 378 S.W.3d 87; *Hyder v. Newcomb*, 234 Ark. 486, 352 S.W.2d 826 (1962); *Adams v. Pace*, 193 Ark. 1020, 104 S.W.2d 212 (1937).

■ Appellant asks this court to grant a writ of prohibition, or, in the alternative, a writ of certiorari. A writ of prohibition is extraordinary relief that is appropriate only when the trial court is wholly without jurisdiction. *Conner v. Simes*, 355 Ark. 422, 139 S.W.3d 476 (2003). The writ is appropriate only when there is no other remedy, such as an appeal, available. *Id.* However, we have explained that the writ of prohibition cannot be invoked to correct an order already entered. *Id.* In those instances, a writ of certiorari is the appropriate vehicle. *See id.; see also Ark. Dep't of Human Servs. v. Denmon*, 2009 Ark. 485, 346 S.W.3d 283 ("This court has repeatedly stated that it will not issue a writ of prohibition for something that has already been done."). Here, because the Polk County Circuit Court has already entered an order, a writ of prohibition is inappropriate.

■ However, appellant also alternatively asks this court to issue a writ of certiorari, which is another avenue of extraordinary relief. *Ark. Game & Fish Comm'n v. Herndon*, 365 Ark. 180, 226 S.W.3d 776 (2006). In determining its application we will not look beyond the face of|₈the record to ascertain the actual merits of a controversy, or to control discretion, or to review a finding of fact, or to reverse a trial court's discretionary authority. *Id.* There are two requirements that must be satisfied in order for this court to grant a writ of certiorari. *Id.* The first requirement is that there can be no other adequate remedy but for the writ of certiorari. *Id.* Second, a writ of certiorari lies only where (1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion; or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Id.*

■ We have held that no other adequate remedy existed where the issuing court had no legal authority to support its order. *Herndon*, 365 Ark. at 183, 226 S.W.3d at 779. Furthermore, we have denied petitions for writ of certiorari where a party merely complains that a trial court erroneously interpreted a statute. *Ark. Dep't of Human Servs. v. Sebastian County*, 363 Ark. 389, 214 S.W.3d 856 (2005). The focus is whether the circuit court lacked authority to act in issuing its order, not whether it erroneously decided an issue it had authority to decide. *See Herndon*, 365 Ark. at 184 n. 2, 226 S.W.3d at 780 n. 2.

Our statutes provide that a guardianship is terminated by the death of the ward. Ark.Code Ann. § 28–65–401(a)(2) (Repl.

2004). Additionally, § 28–65–401 provides that

> When a guardianship terminates by the death of the ward, the guardian of the estate may proceed under § 28–65–323, but the rights of all creditors against the ward's estate shall be determined by the law governing decedents' estates.

Ark.Code Ann. § 28–65–401(c)(2) (Repl. 2004). Section 28–65–323 states in pertinent part:

> (a) Upon the death of a ward, the guardian of his or her estate is authorized, as such, subject to the direction of the court, to administer the estate of the deceased ward after further letters are issued to him or her, after a hearing, pursuant to a petition for letters, testamentary or of administration, which has been filed not later than forty (40) days after the death of the ward, subject, however, to the provisions of § 28–40–116.
>
> . . . .
>
> (e) If letters, testamentary or of administration, are granted to someone other than the guardian upon a petition filed within forty (40) days after the death of the ward, the authority of the guardian to administer the ward's estate shall terminate upon the appointment and qualification of the personal representative, and the guardian shall deliver to the personal representative the assets of the ward's estate remaining in the hands of the guardian.

Ark.Code Ann. § 28–65–323 (Repl.2004).

We have indicated agreement with the reasoning from a Pennsylvania court that "the functions and powers of the guardian cease when the ward dies, and that, likewise, the court's power to act also ceases." *Burch v. Griffe,* 342 Ark. 559, 564–65, 29 S.W.3d 722 (2000) (citing *In re Peden's Estate,* 409 Pa. 194, 185 A.2d 794 (1962)). In *Burch,* we held that the circuit court

handling the guardianship did not have the power after the ward died to enter an order allowing the ward to take against another's will. In reviewing case law from other states, there is strong support for the proposition that the guardianship court loses jurisdiction once the ward dies. In *Gutierrez v. Estate of Gutierrez,* the Texas Court of Appeals held,

> It has long been the public policy of this state that when a ward dies, the probate court loses jurisdiction of the guardianship matter, save and except that the guardianship shall be immediately settled and closed, and the guardian discharged as provided for by law. Upon the death of a ward, the guardianship terminates and the powers of the guardian and of the probate court over the ward's estate cease, except to require the filing of a final account to settle same in accordance with the statute.
>
> A judgment of a court having no jurisdiction of the subject matter of adjudication is void. Here, the October 4, 1988 judgment, rendered in favor of the guardianship, was heard and entered after the death of the ward on April 10, 1988. We therefore hold that the judgment is void and the trial court lacked subject matter jurisdiction to render and enter such judgment because of the death of the ward.

786 S.W.2d 112, 113 (Tex.Ct.App.1990) (internal citations omitted); *see also State ex rel. Nat'l Bank of Commerce of Seattle v. Frater,* 18 Wash.2d 546, 140 P.2d 272 (1943).

Here, a petition for writ of certiorari is appropriate because there is no other adequate remedy for the appellant to pursue her jurisdictional argument on behalf of the trust. Based on our statutes and precedent, as well as persuasive authority from other jurisdictions, we hold that once

Ehret died, the Polk County Circuit Court had jurisdictional authority to make a final accounting and close the guardianship but was without authority to administer the trust or proceed with the probate of Ehret's estate. Neither Rostollan nor Simpson, co-guardians of Ehret's estate, complied with the requirements of Ark. Code Ann. § 28–65–323(a) to transform the guardianship into a probate proceeding. Therefore, once Ehret died, the Polk County Circuit Court lacked subject-matter jurisdiction to order the sale and disbursement of her trust assets where its jurisdiction was limited to the guardianship.

Writ of certiorari granted.