Rhonda K. Wood, Justice, dissenting.
Because this matter does not meet the requirements for a writ of certiorari, I would deny the writ. A writ of certiorari is extraordinary relief. See Ark. Game & Fish Comm'n v. Herndon , 365 Ark. 180, 226 S.W.3d 776 (2006). This court has repeatedly held that two requirements are necessary to grant a petition for writ of certiorari. First, there must be no adequate remedy available through an appeal. Second, a writ lies only when it is apparent from the face of the record that there has been a plain, manifest, clear, and gross *410 abuse of discretion, or there is a lack of jurisdiction. Id.
The Arkansas Rules of Criminal Procedure provide that a defendant who is denied a motion to dismiss on an alleged speedy-trial violation may bring a petition for writ of certiorari to the Arkansas Supreme Court. Ark. R. Crim. P. 28.1(d) (2017). However, the error must be clear from the face of the record. Murria v. Chandler , 2011 Ark. 56, at 2, 2011 WL 539124 (per curiam). Certiorari "is not used to look beyond the face of the record to ascertain the actual merits of a controversy, control discretion, to review a finding of facts, or review the court's discretionary authority." Id. (refusing to delve into the merits on a petition for writ of certiorari on a speedy-trial issue where error not facially evident).
Here, there is an adequate remedy on appeal and it is also not apparent from the face of the record that the circuit court grossly abused its discretion. The majority's assessment of the merits and evaluation of the circuit court's fact-finding goes beyond the boundaries of an extraordinary writ of certiorari as defined by our precedent. For this reason, I dissent.