

Cite as 2013 Ark. 365

# SUPREME COURT OF ARKANSAS

No. CV-13-202

| | |
|---|---|
| KAREN COOPER and JACK DOWELL | **Opinion Delivered** October 3, 2013 |
| PETITIONERS | PETITION FOR WRIT OF PROHIBITION OR, IN THE |
| V. | ALTERNATIVE, WRIT OF CERTIORARI; MOTION TO DISMISS OR MOTION TO STRIKE |
| CIRCUIT COURT OF FAULKNER COUNTY | |
| RESPONDENT | <u>WRIT OF PROHIBITION DENIED;</u> <u>WRIT OF CERTIORARI GRANTED;</u> <u>MOTION TO DISMISS OR MOTION TO STRIKE DENIED.</u> |

**KAREN R. BAKER, Associate Justice**

The record demonstrates that the present case stems from a land–condemnation action initiated by the City of Conway and Conway Corporation ("Conway"), in Faulkner County Circuit Court, against the petitioners, husband and wife, Karen Cooper and Jack Dowell ("Cooper and Dowell"). Cooper and Dowell petition this court to issue a writ of prohibition or, in the alternative, a writ of certiorari, against the respondent, Faulkner County Circuit Court.[1] They contend that the circuit court was without jurisdiction, exceeded its jurisdiction, and committed a gross abuse of discretion in its January 31, 2013 order when it (1) ordered Cooper and Dowell to pay Conway's attorney's fees and costs in

---

[1]On May 7, 2013, the Attorney General's Office notified this court that Conway was the plaintiff from the lower court action and would provide filings on behalf of the Faulkner County Circuit Court.

SLIP OPINION

the amount of $21,345 as a condition of granting their motion for continuance and (2) prohibited Cooper and Dowell from filing any additional pleadings until the fees and costs were paid in full. In their petition, Cooper and Dowell make two requests: (1) grant a writ of prohibition directing the circuit court to rescind its January 31, 2013 order or (2) grant a writ of certiorari directing the circuit court to rescind its January 31, 2013 order. This court has original jurisdiction of this case pursuant to Ark. Sup. Ct. R. 6-1(a) (2013) as the petition seeks extraordinary relief. We deny the writ of prohibition and grant the writ of certiorari for the reasons explained below.

The relevant facts are these. On September 28, 2011, Conway initiated a condemnation action against Cooper and Dowell. On May 29, 2012, the circuit court entered a scheduling order, set a trial date of October 12, 2012, and set a pleadings deadline of sixty days prior to trial. On September 28, 2012, the circuit court entered a pretrial order addressing the parties' pretrial motions. On October 9, 2012, Cooper and Dowell filed a motion to clarify the circuit court's September 28, 2012 pretrial order. Specifically, Cooper and Dowell sought to clarify the circuit court's finding with regard to certain evidence related to damages. On October 10, 2012, Conway responded, and on October 11, 2012, Cooper and Dowell replied. On October 11, 2012, the day before the trial was set to commence, at 4:24 p.m., the circuit court issued its order on the motion to clarify it previous order and sent the order via facsimile to the parties.

On the following day, the morning of trial, October 12, 2012, Cooper and Dowell requested a continuance, asserting that the circuit court's clarification order limited their

damages arguments and that Cooper and Dowell would be foreclosed from raising approximately $15,000 worth of damages to their property based on the condemnation. Conway objected to the continuance and asserted that the October 11, 2012 order simply restated the circuit court's previous orders and that Cooper and Dowell should have already filed a counterclaim to address the damages issue. The circuit court agreed with Cooper and Dowell, found that they had demonstrated good cause, and granted the continuance pursuant to Rule 40 of the Arkansas Rules of Civil Procedure. However, the continuance was granted on the condition that Cooper and Dowell would be responsible for Conway's attorney's fees and costs associated with preparing for the trial, including expert and juror fees. The record demonstrates that Conway would submit its bill to the circuit court and Cooper and Dowell for review, that they would have an opportunity to review and rebut the proposed expenses, and that the circuit court would then issue an order addressing the fees and costs.[2] The record further demonstrates that at the October 12, 2012 hearing on the continuance, there was no mention of a prohibition on either party filing pleadings.

On December 13, 2012, the condemnation action was transferred to the Faulkner County Circuit Court, First Division.[3] On January 31, 2013, the circuit court entered an

---

[2]Although both parties reference a November 2, 2012 letter and proposed order from Conway to the circuit court itemizing the $21,345 in fees and costs, this information is not contained in the record. The parties also reference objections made to the proposed order, but this information is lacking as well.

[3]Due to a change in the assignment of criminal and civil cases in Faulkner County for 2013, the parties' condemnation action was transferred from the Faulkner County Circuit Court, Second Division, Honorable Michael A. Maggio, to the Faulkner County Circuit Court, First Division, Honorable H.G. Foster. The January 31, 2013 continuance-order

SLIP OPINION

additional order continuing the trial. Referencing the October 12, 2012 order, the January 31, 2013 order continued the trial and ordered the continuance conditioned upon Cooper and Dowell's payment to Conway for its attorney's fees and costs in the amount of $21,345 to be paid within five days of the order.[4] The continuance order also prohibited Cooper and Dowell from filing any additional pleadings until the attorney's fees and costs were paid. On February 1, 2013, Conway filed garnishment allegations and interrogatories, and on that same day, the Faulkner County Circuit Clerk issued a writ of garnishment against Cooper and Dowell to collect the $20,805 in reimbursement costs to Conway for attorney's fees and costs.

On March 6, 2013, Cooper and Dowell filed their motion for writ of prohibition, or in the alternative, writ of certiorari with this court; they also filed a motion to stay the circuit court proceedings. On March 11, 2013, Cooper and Dowell filed a motion to expedite their petition, and on March 13, 2013, Conway responded. On March 14, 2013, we granted the motion to stay the circuit court proceedings, including any garnishment, granted the motion to expedite, and took the petition as a case. On March 21, 2013, Conway filed a motion to dismiss or motion to strike Cooper and Dowell's petition. On March 29, 2013, Cooper and Dowell filed a response to the motion, and on April 11, 2013, Conway replied to the response. On April 18, 2013, we passed the motion to dismiss to take it up with our

---

heading indicates that the order is from the Second Division, but the court notes the order was issued by the Honorable H.G. Foster of the First Division after the case was transferred.

[4]The circuit court's order awarded $20,805 in reimbursement fees and costs to Conway and $540 to the Faulkner County Circuit Clerk for reimbursement of juror fees.

SLIP OPINION

consideration of the petition.

Now before the court is Cooper and Dowell's petition requesting us to grant a writ of prohibition or, in the alternative, a writ of certiorari to rescind the circuit court's January 31, 2013 order continuing the trial, ordering the payment of costs and fees, and prohibiting Cooper and Dowell from filing additional pleadings until the fees and costs were paid.

We first address Cooper and Dowell's request that we issue a writ of prohibition and order the circuit court to rescind its January 31, 2013 order. A writ of prohibition is extraordinary relief that is appropriate only when the circuit court is wholly without jurisdiction. *See White v. Palo*, 2011 Ark. 126, 380 S.W.3d 405. Writs of prohibition are prerogative writs, extremely narrow in scope and operation; they are to be used with great caution and forbearance; they should issue only in cases of extreme necessity. *Int'l Paper Co. v. Clark Cnty. Circuit Court*, 375 Ark. 127, 289 S.W.3d 103 (2008). The writ of prohibition cannot be invoked to correct an order already entered. *Id.* In those instances, a writ of certiorari is the appropriate vehicle. *See id.*

Here, each of the allegations in Cooper and Dowell's petition for a writ of prohibition concerns an order already entered by the circuit court. We will not issue a writ of prohibition for something that has already been done. *Allen v. Circuit Court of Pulaski Cnty.*, 2009 Ark. 167, 303 S.W.3d 70. Because the circuit court has already entered the order, a writ of prohibition cannot lie. *Id.*

Alternatively, Cooper and Dowell have requested that this court issue a writ of certiorari and order the circuit court to rescind its January 31, 2013 order. They present two

SLIP OPINION

bases for the issuance of the writ of certiorari: (1) the circuit court's prohibition on Cooper and Dowell's filing additional pleadings was in excess of the circuit court's jurisdiction and a gross abuse of discretion and (2) the circuit court's award of fees and costs of $21,345 to Conway was in excess of the circuit court's jurisdiction and a gross abuse of discretion.

A writ of certiorari is extraordinary relief. "In determining its application we will not look beyond the face of the record to ascertain the actual merits of a controversy, or to control discretion, or to review a finding of fact, or to reverse a trial court's discretionary authority." *Southern Farm Bureau Cas. Ins. Co. v. Parsons*, 2013 Ark. 322, at 6, ___ S.W.3d ___, ___. A writ of certiorari lies to correct proceedings erroneous on the face of the record where there is no other adequate remedy; it is available to the appellate court in its exercise of superintending control over a lower court that is proceeding illegally where no other mode of review has been provided. *Casement v. State*, 318 Ark. 225, 884 S.W.2d 593 (1994) (citing *Lupo v. Lineberger*, 313 Ark. 315, 316–17, 855 S.W.2d 293, 293–94 (1993)).

There are two requirements that must be satisfied in order for the court to grant a writ of certiorari. First, there can be no other adequate remedy but for the writ of certiorari. No other adequate remedy exists where the issuing court had no legal authority to support its order. *Arkansas Game & Fish Comm'n v. Herndon*, 365 Ark. 180, 183, 226 S.W.3d 776, 779 (2006). Second, the writ of certiorari lies only where (1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Id.* Accordingly, a writ of certiorari is

SLIP OPINION

appropriate when, on the face of the record, it is apparent that no other remedy is available to correct a plain, manifest, and gross abuse of discretion by the circuit court. *See Chiodini v. Lock*, 373 Ark. 88, 281 S.W.3d 728 (2008). It lies when the judge has acted in excess of his or her authority. *See Conner v. Simes*, 355 Ark. 422, 139 S.W.3d 476 (2003).

Turning to Cooper and Dowell's petition, they first contend that the circuit court exceeded its jurisdiction when it prohibited them from filing additional pleadings until they paid the fees and costs. Conway responds that the circuit court's prohibition was appropriate because the order only limited Cooper and Dowell from filing "pleadings." Conway relies on Rule 7 of the Arkansas Rules of Civil Procedure and contends that "pleadings" only includes a complaint, an answer, a counterclaim, a reply to a counterclaim, and an answer to a cross-claim. *See* Ark. R. Civ. P. 7 (2013). Relying on Rule 7, Conway contends that Cooper and Dowell were not denied access to the courts because they had already filed their answer and counterclaim and the rule did not allow for any additional pleadings.

At issue before us is the January 31, 2013 order that provides in pertinent part:

1. Judgment is rendered against the Defendants, jointly and severally, and in favor of the Plaintiffs in the sum of $20,805.00, in reimbursement of Plaintiffs' attorneys fees and costs incurred in preparing for trial;

2. Judgment is rendered against the Defendants, jointly and severally, and in favor of the Faulkner County Circuit Clerk in the sum of $540.00 as reimbursement for all expenses and juror pay incurred by the Court in summoning the jurors for jury selection and trial;

3. All sums due and owing under this Order shall be due and payable within five (5) days of the entry of this Order. Defendants shall not be permitted to file any further pleadings in this case until such time as the attorneys' fees and costs awarded herein and the jury costs awarded herein are paid-in-full[.]

SLIP OPINION

Here, Cooper and Dowell assert that the circuit court's prohibition on filing pleadings infringes upon their access to the courts and urge this court to grant the writ. Conway responds that the writ of certiorari is not available because Cooper and Dowell have failed to demonstrate that there is no other remedy available. Conway contends that they may appeal at the conclusion of the litigation as the motion for continuance is at the discretion of the circuit court and appealable when litigation is complete. Thus, issuing the writ would amount to piecemeal litigation. Conway further asserts that Cooper and Dowell cannot complain about the order because they requested the continuance.

In reviewing our law, it is clear to us that access to the courts is a constitutional right. *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (internal citations omitted) ("Decisions of this Court have grounded the right of access to courts in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, the Fourteenth Amendment Equal Protection, and Due Process Clauses."). The United States Supreme Court has explained that access to the courts "is one of the highest and most essential privileges of citizenship, and must be allowed by each state to the citizens of all other states to the precise extent that it is allowed to its own citizens." *Chambers v. Baltimore & Ohio R.R. Co.*, 207 U.S. 142, 148 (1907). "Due process of law signifies a right to be heard in one's defense." *Boddie v. Connecticut*, 401 U.S. 371, 377 (1971) (citing *Hovey v. Elliott*, 167 U.S. 409 (1897)). Further, the access must be "adequate, effective, and meaningful." *Bounds v. Smith*, 430 U.S. 817, 822 (1977). A state must afford to all individuals a meaningful opportunity to be heard if it is to fulfill the promise of the Due Process Clause. *Boddie*, 401

SLIP OPINION

U.S. 371.

We turn now to whether the writ is appropriate. First, it is clear to this court that Cooper and Dowell have no other remedy. The January 31, 2013 order prohibiting the filing of additional pleadings is not a final, appealable order. Although it is a part of a continuance order which would normally be appealed at the conclusion of litigation, in the interim time, Cooper and Dowell have no other recourse to obtain relief from the prohibition portion of the order. Second, we find that the record on its face demonstrates that the circuit court exceeded its jurisdiction and committed gross abuse by denying Cooper and Dowell access to the courts. The record fails to support or provide any basis for the circuit court's prohibition of filing additional pleadings, and the limitation infringes upon Cooper and Dowell's access to the courts under the facts in this case. Conway asserts that the prohibition had no effect on Cooper and Dowell's access to the court because there were no pleadings left for them to file. We disagree. Even applying the literal definition of pleadings from Rule 7, Cooper and Dowell are prohibited from accessing the circuit court. Therefore, we agree with Cooper and Dowell and issue the writ of certiorari.

Because the circuit court acted in excess of its jurisdiction and committed a plain, manifest, clear, and gross abuse of discretion, and because Cooper and Dowell are left without an adequate alternative remedy, we hold that relief in the form of a writ of certiorari is appropriate. We issue the writ of certiorari and direct the Faulkner County Circuit Court to rescind its January 31, 2013 order.

Finally, although Cooper and Dowell also request that the court issue a writ of

certiorari on the grounds that the circuit court exceeded its jurisdiction and committed a manifest, clear and gross abuse of discretion in ordering them to pay the $21,345 in fees and costs, we do not reach this issue. The conditions imposed by the circuit court in the January 31, 2013 order are inextricably intertwined and cannot be parceled out individually; therefore, we direct the circuit court to rescind the order in its entirety.

Writ of prohibition denied; writ of certiorari granted; motion to dismiss or motion to strike denied.

DANIELSON, J., concurs.

**PAUL E. DANIELSON, Justice, concurring.** While I agree with the disposition here, I write to clarify a point not included in the discussion regarding access to the court. Although the facts in the instant case did not support the circuit court's prohibition of filing additional pleadings, it must be noted that there are in fact limited circumstances in which a court may limit an individual's access to the court. *See, e.g., Chipps v. U.S. Dist. Ct.*, 882 F.2d 72, 73 (3d Cir. 1989) (in which the Third Circuit Court of Appeals recognized that "a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court"); *Ligon v. Stilley*, 2010 Ark. 418, 371 S.W.3d 615 (where this court discussed the prohibition placed on Oscar Stilley by the United States District Court for the Western District of Arkansas—which was later affirmed by the Eighth Circuit Court of Appeals—from filing any complaints against certain parties without prior approval of the court); and *see* Ark. R. Crim. P. 37.2(b) (2013) (a rule which specifically prohibits the filing of a second petition unless the first was denied without prejudice).

I absolutely agree that access to the courts is of utmost importance; I simply do not want to imply that there is never an instance in which the court may limit access when proven necessary.

*Walker Law Firm, PLLC*, by: *Kent Walker*, for petitioners.

*Millar Jiles, LLP*, by: *Gary D. Jiles* and *Matthew K. Brown*, for respondents.