

# SUPREME COURT OF ARKANSAS

**No.** CV–12–1131

| | |
|---|---|
| PITTMAN MOORE, M.D.; MOORE SURGICAL ARTS & GYNECOLOGY, PLLC; THE MOORE CLINIC FOR WOMEN'S HEALTH, LLC; PHILLIPS HOSPITAL CORPORATION D/B/A HELENA REGIONAL MEDICAL CENTER; AND JOHN DOES 1-9         **PETITIONERS** | Opinion Delivered November 7, 2013 <br><br> PETITION FOR WRIT OF CERTIORARI, OR, ALTERNATIVELY, FOR WRIT OF PROHIBITION |
| V. | |
| THE CIRCUIT COURT OF PHILLIPS COUNTY         **RESPONDENT** | WRIT OF PROHIBITION DENIED; WRIT OF CERTIORARI DENIED WITHOUT PREJUDICE. |

**JIM HANNAH, Chief Justice**

Petitioners, Pittman Moore, M.D.; Moore Surgical Arts & Gynecology, PLLC; The

Moore Clinic for Women's Health, LLC; and Phillips Hospital Corporation d/b/a Helena

Regional Medical Center, petition this court for a writ of prohibition or, in the alternative,

a writ of certiorari, against the Phillips County Circuit Court. The petitioners contend that

the circuit court asserted authority beyond its jurisdiction and committed a plain, clear, and

gross abuse of discretion when it ordered them to pay the expert-witness costs of Bobbie

Troup, in her capacity as Administrator of the Estate of Easter Dawkins, Deceased. We deny

the petition for writ of prohibition, and we deny without prejudice the petition for writ of

certiorari.

SLIP OPINION

In the underlying case, Administrator Troup filed suit alleging medical malpractice and wrongful death against the petitioners. The trial was originally set to begin on May 29, 2012. On May 16, 2012, the circuit court held a pretrial hearing to address numerous motions that had been filed. The parties did not get through all the motions, so at the conclusion of the hearing, the circuit court instructed the parties to return for a second pretrial hearing on May 22, 2012. That setting was cancelled, however, because of matters previously scheduled for that day, and the hearing was reconvened on May 29, 2012. The petitioners have represented in court filings that they moved for a continuance of the trial date at least three times during the pretrial hearings and that those motions were denied by the circuit court.[1]

Arguments on pending motions continued through the day of trial, May 30, 2012. The circuit court called the jury pool into the courtroom and discussed the general nature of the case before taking a lunch break. Following the lunch break, the circuit court took the bench and continued the trial date.

On July 25, 2012, Troup filed a "Petition for Costs for Experts' Trial Attendance," requesting that the petitioners be required to pay for the cost of the five expert witnesses who had appeared to testify on her behalf on the scheduled trial date of May 30, 2012, but did not testify because the circuit court had granted a motion for continuance made by the petitioners. The petitioners responded that there was no legal or equitable basis for the relief Troup requested and that the petitioners should not be punished for costs that they did not cause Troup to incur. After a hearing, the circuit court entered an order directing the

---

[1]Transcripts from the pretrial hearings were not filed with this court.

2



petitioners to immediately pay Troup $12,000 "for expenses and fees associated with the continuance" of the trial. The petitioners then filed the instant petition for extraordinary relief with this court.[2] They claim that the circuit court was wholly without jurisdiction and committed a plain, clear, and gross abuse of discretion when it awarded expert-witness costs in this case.

The petitioners first ask this court to grant a writ of prohibition. This court has held that a writ of prohibition is extraordinary relief that is appropriate when the trial court is wholly without jurisdiction and when there is no other remedy, such as an appeal, available. *E.g.*, *Conner v. Simes*, 355 Ark. 422, 139 S.W.3d 476 (2003). In addition, we have explained that the writ of prohibition cannot be invoked to correct an order already entered. *E.g.*, *White v. Palo*, 2011 Ark. 126, 380 S.W.3d 405. Here, because the Phillips County Circuit Court has already entered an order awarding costs, relief in the form of a writ of prohibition will not lie.

Alternatively, the petitioners ask this court to issue a writ of certiorari, another form of extraordinary relief. In determining its application, we will not look beyond the face of the record to ascertain the actual merits of a controversy, or to review a circuit court's discretionary authority. *E.g.*, *S. Farm Bureau Cas. Ins. Co. v. Parsons*, 2013 Ark. 322, ___ S.W.3d ___. Two requirements must be satisfied in order for this court to grant a petition for writ of certiorari. *Ark. Game & Fish Comm'n v. Herndon*, 365 Ark. 180, 182, 226 S.W.3d

---

[2]At the petitioners' request, we granted a stay of the circuit court proceedings. *See* Ark. Sup. Ct. R. 6-1(c) (2013).



776, 778 (2006). The first requirement is that there can be no other adequate remedy but for the writ of certiorari. *Id.*, 226 S.W.3d at 778. Second, a writ of certiorari lies only where (1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Id.*, 226 S.W.3d at 778.

The petitioners contend that they have satisfied the first requirement because they have no other adequate remedy. They argue that, because the order awarding costs is not immediately appealable under court rules, if this court does not issue a writ, then they cannot obtain relief unless they pay the expert-witness costs, litigate the entire case through final judgment, and then appeal the decision. Further, the petitioners argue that, if a verdict is entered in their favor at trial, "then it would be entirely inappropriate to mount an appeal over a $12,000 award when the appeal itself would eclipse that value in costs and attorney's fees." The petitioners assert that they will suffer irreparable harm if they are forced to pay the amount at issue and then endure the costs associated with litigation, trial, and appeal before the matter is reviewed by this court.

We are not persuaded by the petitioners' argument that they will be irreparably harmed if this court declines to issue a writ and the petitioners are required to bring an appeal. Harm is normally considered irreparable only when it cannot be adequately compensated by money damages or redressed in a court of law. *See, e.g., Monticello Healthcare Ctr., LLC v. Goodman*, 2010 Ark. 339, 373 S.W.3d 256. Here, the sole issue is the payment



of costs, and the court can order return of that payment. *See, e.g., Sunbelt Exploration Co. v. Stephens Prod. Co.*, 320 Ark. 298, 309, 896 S.W.2d 867, 873–74 (1995) (remanding to the circuit court the issue of whether unallowable expenses were awarded).

Although we at one time appeared to endorse the use of an extraordinary writ to prevent untold time and expense, as well as unnecessary grief to the parties, *see Fore v. Circuit Court of Izard County*, 292 Ark. 13, 727 S.W.2d 840 (1987), *overruled by Wise Co. v. Clay Circuit*, 315 Ark. 333, 335-A, 869 S.W.2d 6, 9 (1994) (supplemental opinion on denial of rehearing), we retreated from that overreaching language in *Lupo v. Lineberger*, 313 Ark. 315, 317, 855 S.W.2d 293, 294 (1993). *Conner*, 355 Ark. at 428, 139 S.W.3d at 480. We have explained that with respect to requests for extraordinary relief, such as writs of certiorari, the point is that we cannot, and should not, review cases in a piecemeal fashion. *See id.* at 429, 139 S.W.3d at 480. Likewise, we have been steadfast in holding that certiorari may not be used as a substitute for appeal. *See, e.g., Parsons, supra; Conner, supra; Arnold v. Spears*, 343 Ark. 517, 36 S.W.3d 346 (2001); *Neal v. Wilson*, 321 Ark. 70, 900 S.W.2d 177 (1995); *Gran v. Hale*, 294 Ark. 563, 745 S.W.2d 129 (1988); *Burney v. Hargraves*, 264 Ark. 680, 573 S.W.2d 912 (1978).

Granting extraordinary relief in this case would permit a piecemeal appeal that merely tests the correctness of an interlocutory order. *Conner, supra*. Furthermore, we have explained that although an issue may be important, if the decision does not conclude the merits of a case, any appeal would be premature. *Id*. In the instant case, the issuance of a writ of certiorari would allow an extraordinary writ to serve as a substitute for an appeal and would

effectively endorse piecemeal appellate review. This we will not do. Because we conclude

that the petitioners have an adequate remedy in the form of an appeal,[3] we deny without

prejudice their petition for writ of certiorari.

Writ of prohibition denied; writ of certiorari denied without prejudice.

*Friday, Eldredge & Clark, LLP*, by: *Jason Hendren*;
*Olly Neal*; and
*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Ken Cook* and *Benjamin D. Jackson*, for petitioners.

*Dustin McDaniel*, Att'y Gen., by: *Regina Haralson*, Ass't Att'y Gen., for respondent.

---

[3]We note that after the parties' briefs were submitted to this court, the petitioners filed a "Motion to Take Judicial Notice," in which they contend that our decision in the recent case of *Cooper v. Circuit Court of Faulkner County*, 2013 Ark. 365, ___ S.W.3d ___, supports their argument that an appeal is not an adequate remedy in this case. The petitioners mischaracterize our holding in *Cooper*.

In *Cooper*, this court reviewed a circuit court's order that (1) required the petitioners to pay fees and costs as a condition of granting their motion for continuance and (2) prohibited the petitioners from filing any additional pleadings in the circuit court until the fees and costs were paid in full. We discussed the prohibition of filing additional pleadings and, on that basis, we concluded that an appeal was not an adequate remedy:

> First, it is clear to this court that Cooper and Dowell have no other remedy. The January 31, 2013 order prohibiting the filing of additional pleadings is not a final, appealable order. *Although it is a part of a continuance order which would normally be appealed at the conclusion of litigation, in the interim time, Cooper and Dowell have no other recourse to obtain relief from the prohibition portion of the order.*

*Cooper*, 2013 Ark. 365, at 9, ___ S.W.3d at ___ (emphasis added). Moreover, we specifically declined to reach the issue of whether the circuit court exceeded its jurisdiction and committed a manifest, clear, and gross abuse of discretion when it ordered the petitioners to pay $21,345 in fees and costs. *Id.* at 9–10, ___ S.W.3d at ___ (noting that the conditions imposed in the order were inextricably intertwined and could not be parceled out individually and thus directing the circuit court to rescind the order in its entirety). In sum, *Cooper* is of no help to the petitioners in the instant case.